### 17650

Claude C. TATE, Carl V. Lackey, Frank T. Meeks, W. R. Hartin and W. E. Miner, Plaintiffs-Respondents, v. J Carlisle OXNER, Charles Marshall, Robert Adams, J E. Belser, Jr., H. W. Hoefer, F. S. Brockington, Carl F. Gibson, Theodore Dehon, Jr., Mays Earle, Patrick H. Nelson, D. K. Sturkie, Jr., and the Five Points Building and Loan Association, Defendants, of whom J. Carlisle Oxner, Charles Marshall, Robert Adams, J. E. Belser, Jr., H. W. Hoefer, F. S. Brockington and the Five Points Building and Loan Association are Appellants.

(114 S. E. (2d) 225)

*Messrs. Nelson, Mullins & Grier,* of Columbia, *for Appellants,*

*Messrs. Robinson, McFaddin & Dreher* and *Augustus T. Graydon,* of Columbia, *for Respondents,*

316

*Messrs. Nelson, Mullins & Grier,* of Columbia, *for Appellants, in Reply,*

May 4, 1960.

J. Woodrow Lewis, Acting Justice.

This is an appeal from an Order overruling a motion to strike certain allegations from the complaint on the grounds that the same are irrelevant, immaterial and prejudicial.

"An order refusing to strike allegations in the pleadings as irrelevant and redundant is not appealable." *Sparks v. D. M. Dew & Sons, Inc.,* 230 S. C. 507, 96 S. E. (2d) 488.

Exceptions to the foregoing rule have only been recognized (1) where the motion to strike is in the nature of a demurrer, *Thomas v. Colonial Stores, Inc.,* S. C., 113 S. E. (2d) 337; or (2) where there is an appealable issue before the Court, an Order refusing a motion to strike may also be considered in order to avoid unnecessary litigation, *Woods v. Rock Hill Fertilizer Co.,* 102 S. C. 442, 86 S. E. 817; *Rice Hope Plantation v. South Carolina Public Service Authority,* 216 S. C. 500, 59 S. E. (2d) 132; *DePass v. Piedmont Interstate Fair Ass'n,* 217 S. C. 38, 59 S. E. (2d) 495.

The facts here do not bring the appeal within either of the exceptions. The only matter involved in this appeal is the Order refusing the motion to strike, and it is conceded by Appellant that if the motion to strike were granted, the remaining allegations of the complaint state a cause of action. The motion cannot, therefore, be treated as a demurrer.

It should be stated, however, that the refusal of the motion to strike by the Circuit Judge is not conclusive upon the trial of the case on the merits, *Sparks v. D. M. Dew & Sons, Inc., supra.* As stated in the *Sparks case*:

"Upon trial, however, appellant will not by the order appealed from or this opinion be precluded or in anywise prejudiced in its efforts to exclude such testimony as may be offered in support of the allegations sought to be stricken from the complaint."

Appeal dismissed.

TAYLOR, LEGGE and MOSS, JJ., and THOMAS P. BUSSEY, Acting Justice, concur.