17831

Arthur LANCASTER, Respondent, v. Ellen V. SWEAT and one 1955 Ford Coach Automobile bearing 1959 S. C. License No. D-115865, Appellants

(121 S. E. (2d) 444)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellants,*

*Messrs. Johnson & Smith,* of Spartanburg, *for Respondent,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellants, in Reply.*

August 31, 1961.

OXNER, Justice.

This is an appeal from an order striking the second defense of defendants' answer upon the ground that it is irrelevant, immaterial and redundant.

It is alleged in the complaint that defendant Ellen V. Sweat negligently and recklessly drove her automobile into the corner of plaintiff's residence causing extensive damage to the building and loss of the use of one room for a considerable period of time while necessary repairs were being made. The action was brought to recover the actual damages sustained as a result of said collision, together with punitive damages. For a first defense, defendants admitted that the automobile collided with the house referred to in the complaint but denied the remaining allegations. For a second defense, they alleged:

"The defendant alleges, upon information and belief, that the plaintiff, Arthur Lancaster, is not the real party in interest and hence cannot maintain this action because he has been fully and completely reimbursed and paid for the alleged loss or damage to the house by an insurance company which defendant is informed and believes is either the Fireman's Fund Insurance Company of Atlanta, Georgia, or the National Fidelity Insurance Company of Spartanburg, South Carolina."

Plaintiff moved to strike the foregoing defense on the following grounds:

"1. That the damages alleged in the complaint are other and different than those covered by a 'Loan Receipt' from the Fireman's Fund Insurance Company of Atlanta, Georgia.

"2. That there has been no payment by the Fireman's Fund Insurance Company of Atlanta, Georgia, to this plaintiff, but, on the contrary, there has been executed between this plaintiff and said Insurance Company a Loan Agreement which will be exhibited to the Court.

"3. That the said Arthur G. Lancaster is the real party in interest."

The record contains the following: "While not spelled out in the motion to strike, it was agreed before the trial Judge that the grounds were that the defense was irrelevant, immaterial and redundant."

The County Judge stated in his order granting the plaintiff's motion to strike that the "loan receipt was exhibited to counsel for defendants and handed to the court." He held that this receipt did not show an absolute payment but should be considered as a loan or conditional payment which would not preclude plaintiff from maintaining this action as the real party in interest.

Being uncertain from the record as to whether defendants' counsel agreed for the Court to consider this loan receipt in passing on the motion to strike, we directed the trial Judge to obtain a stipulation from counsel as to whether there was such an agreement but if he was unable to do so, to certify whether "counsel for both sides agreed to his consideration of the loan receipt." In response to this request, the trial Judge stated that owing to the fact that the attorneys for the respective parties resided in different cities, he would not delay the matter by undertaking to obtain a stipulation. He then said:

"At the hearing the Loan Agreement was exhibited first by counsel for Respondent to counsel for Appellants and then handed to me for consideration in connection with the Motion.

"In the absence of objection by counsel for Appellants and nothing to the contrary appearing, I naturally assumed that the consideration of the Loan Agreement by me was agreeable; particularly in view of the fact that the moving papers stated that the Loan Agreement would be so exhibited."

In order to determine whether the Court below erred in granting the motion to strike, it is necessary to keep in mind the distinction between the motion before us and a motion to strike a defense as sham. "A defense is irrelevant when it has no substantial relation to the controversy between the parties to the action, and when the issue formed by its denial can have no connection with, or effect upon, the cause of action." *Olympic Radio and Television, Inc. v. Baker,* 230 S. C. 383, 95 S. E. (2d) 636, 637. A motion to strike on this ground is in the nature of a de-

murrer and the question is whether the matter sought to be stricken constitutes a defense to the cause of action alleged in the complaint. *Mason v. Williams,* 194 S. C. 290, 9 S. E. (2d) 537; *Crook v. State Farm Mutual Auto. Insurance Co.,* 231 S. C. 257, 98 S. E. (2d) 427. In a motion to strike as irrelevant, immaterial or redundant, only the pleadings may be considered.

"A sham answer is one good in form, but false in fact, and not pleaded in good faith; being a mere pretense, set up in bad faith and without color or fact. * * * The motion to strike out an answer as sham presents a question of fact to be determined by the Court upon affidavits, or in such manner as the Court may direct." *Etiwan Fertilizer Co. v. Johns,* 202 S. C. 29, 24 S. E. (2d) 74, 76.

The first exception of appellants is to the effect that the County Judge erred in considering the loan receipt and passing on the merits of this defense when he should have restricted his consideration to the pleadings. We think this exception must be sustained. Whatever may have been the understanding between counsel as to the consideration of the loan receipt, the fact remains that the only motion before the Court was to strike on the ground of irrelevancy and redundancy. The failure of defendants' counsel to object when the loan receipt was exhibited to him and then passed up to the Court could not have had the effect of converting the motion into one to strike on the ground that the defense was sham. There was never any motion made to amend the grounds and there is nothing in the order of the County Judge indicating that he considered the motion as being on the ground that the defense was sham. This case furnishes a striking illustration of the confusion which often occurs when counsel seek to depart from established procedure. Considering only the pleadings, as should have been done, it is quite clear that the defense that plaintiff is not the real party in interest because "he has been fully and completely reimbursed and paid for the al-

leged loss or damage to the house", is neither irrelevant nor redundant.

The foregoing conclusion is fully sustained by *Lucas v. Garrett,* 208 S. C. 292, 38 S. E. (2d) 18, 20. That was an action to recover damage by fire to certain cotton which was being transported on a truck owned and operated by defendant David H. Garrett. Among other affirmative defenses set up by Garrett was that the plaintiffs were not the real parties in interest for the reason that their loss had been paid in full by the St. Paul Fire & Marine Insurance Company. At the hearing before the Circuit Judge, there was exhibited to the Court by agreement of counsel two policies of insurance and the subrogation receipt executed by plaintiffs to St. Paul. The Circuit Judge struck the foregoing affirmative defense along with two others on the ground of irrelevancy and redundancy. That portion of his order striking the defense that the plaintiffs were not the real parties in interest was reversed by this Court. The Court pointed out that the Circuit Judge lost sight of the limits of the question properly before him and erroneously considered the matter as if before him upon the merits rather than upon a motion to strike. The Court said: "In the instant case the Acting Circuit Judge considered the complaint as if amended by the subrogation agreement after which he considered the portions of the answer sought to be stricken in the light of the complaint as so 'amended'. There was no motion to amend the complaint by alleging the subrogation agreement. It was therefore, error for the Acting Circuit Judge to treat the motion to strike in that manner." It was further pointed out that in considering the motion "it must be admitted as true that the respondents are not the real parties in interest." It will be noted that in the *Lucas case* the policies and subrogation receipt were considered by the Court *by agreement of counsel.*

*Scott v. Meek,* 228 S. C. 29, 88 S. E. (2d) 768, is readily distinguishable. There the plaintiff brought an action for damages arising out of an automobile collision. The defend-

ant interposed a counterclaim in which he sought to recover damages sustained by him as a result of the collision. Plaintiff moved to strike the counterclaim as sham and frivolous, basing his motion on an affidavit to the effect that a complete settlement had been made with the defendant for all damages sustained by him and that defendant had executed a valid release discharging plaintiff from all liability arising out of the accident. It was held that since there was nothing to controvert the facts stated in the affidavit and release, plaintiff's motion to strike should have been granted. It will be noted that in that case the motion to strike was on the ground that the counterclaim was sham which permitted the Court to consider the facts presented by the affidavit, while in the instant case the motion to strike is on the ground of irrelevancy and redundancy in the determination of which the Court is restricted to the pleadings.

For the foregoing reasons, the Court below erred in granting plaintiff's motion to strike. In reaching this conclusion we have not considered the merits of the defense sought to be stricken, and on the trial of the case nothing said herein shall preclude the plaintiff from seeking to exclude any testimony offered in support of the defense herein discussed. *Tate v. Oxner,* 236 S. C. 313, 114 S. E. (2d) 225.

Reversed.

TAYLOR, C. J., and LEGGE, Moss and LEWIS, JJ., concur.