18490

Leon D. HARVEY, Appellant, v. ART METAL, INC., and Employers
Mutuals of Wausau, Respondents

(147 S. E. (2d) 697)

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellant,*

*Messrs. Butler, Chapman & Parler,* of Spartanburg, *for Respondents,*

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellant,*

April 13, 1966.

BRAILSFORD, Justice.

In this workmen's compensation case the hearing commissioner overruled the contention of the employer, Art Metal, Inc., that the claimant was estopped from claiming compensation after June 3, 1963, by having applied for and received benefits under the South Carolina Unemployment Compensation Law. On appeal to the South Carolina Industrial Commission, the award of compensation and medical benefits up to June 3, 1963, was affirmed. However, the commission found, quoting from the majority opinion, "that this compensation should be stopped as of June 3, 1963, when the employee-claimant reached maximum of medical improvement with no resulting disability. *This opinion is based on the fact that the employee-claimant started drawing unemployment compensation on this date, and, in so doing, made himself available for the labor market.* Therefore, after careful consideration of all the evidence in the case, the Majority of the Commissioners is of the opinion that the Hearing Commissioner was in error in continuing compensation beyond June 3, 1963, and that the following Fndings of Fact and Conclusions of Law are proper: (Emphasis added.)

\* \* \*

"7. It is found as a fact that the employee-claimant reached maximum of medical improvement around June 3, 1963, with no resulting disability as a result of his injury; and that on this date he started receiving unemployment compensation."

On appeal to the circuit court, the opinion and award of the commission was affirmed on two grounds which the

court regarded as controlling: (1) The claimant is estopped from claiming compensation by having applied for and received unemployment benefits on his representation that he was able to work and available for work. (2) The commission's finding of fact that the claimant suffered no compensable disability after June 3, 1963, is supported by competent evidence and is conclusive.

Both of these grounds of decision are challenged by claimant on this appeal from the judgment of the circuit court. We think it clear from the entire record, including the express language of the opinion and award, that the commission's seventh finding of fact rested upon its conclusion that claimant's application for and receipt of unemployment compensation benefits was a bar to workmen's compensation, rather than upon a consideration of the evidence bearing on claimant's physical condition on June 3, 1963. Therefore, the second ground of decision by the circuit court can rise no higher than the first, and, if the first was founded upon error of law, the second must fall with it.

The question for decision is of novel impression with us, i. e., whether claimant's application for and receipt of unemployment benefits for a period of eighteen weeks commencing June 3, 1963, is, after that date, a bar to compensation or medical benefits otherwise due claimant under the workmen's compensation law.

A statement of the factual background of the controversy is necessary.

Claimant sustained a compensable injury to his back on August 21, 1962. He received medical care and compensation for temporary total disability at the maximum rate of $35.00 per week to February 5, 1963, when he was declared ready for light work by the employer's doctor. He reported to his employer for such duty, but found the assigned task too "heavy," resulting in pain, and he did not return to work on the next day or thereafter. He applied for unem-

ployment benefits but was turned down because his application showed a disabling physical condition.

On March 16, 1963, claimant secured employment with Butte Knitting Mills at a job which, according to his testimony, involved much less physical activity than that offered him by his former employer and which he could perform. However, he continued to suffer pain and to seek medical assistance from and through his family doctor. His average weekly earnings were substantially less than those earned before his injury.

On the recommendation of his physicians, claimant entered a hospital on Wednesday, May 15, 1963, for an operation. At the end of that week, he was notified that his job with Butte had been terminated, not because of his absence from work, which, apparently, was excused, or his disability, but because of a reduction in the number of employees on his shift.

Claimant was released from the hospital on May 23, 1963. Four days later he applied for unemployment compensation benefits based upon the termination of his employment by Butte Knitting Mills. In this application claimant made no reference to any injury or disability and represented that he was able to work and available for work. He assigned as the reason for his unemployment "lack of work" and explained, "The work has run slack and I am not needed. I expect to return when recalled." His application was approved and he was paid $29.00 for the week commencing June 3, 1963, and the same amount weekly thereafter for eighteen weeks. He was still unemployed when the hearing on his workmen's compensation claim was held on October 1, 1963, and he continued to draw unemployment benefits through the week commencing October 7th.

The opinion and award of the hearing commissioner was filed December 9, 1963. The commissioner found that claimant had been continuously under medical care since the compensable injury which he sustained on August 21, 1962,

was still wearing a brace, suffering pain and in need of further medical treatment related to his injury. She (Commissioner Wideman) concluded that claimant was entitled to "temporary total compensation" from February 5, 1963, when payments were discontinued until such time as the commission shall determine that he has reached maximum recovery, excluding the period of claimant's employment by Butte and providing that the employer should "take credit for the eighteen (18) weeks during which Claimant has drawn unemployment compensation." The commissioner postponed the determination of "questions of permanency and disfigurement" as being premature. She ordered the employer to pay all medical expense incurred from the date of injury to the date of the hearing and, based upon testimony that further surgical procedures were indicated, "to continue to furnish medical care and treatment as is warranted by his disabling condition until such time as the claimant reaches maximum recovery." The action taken by the South Carolina Industrial Commission on appeal from this award, and that taken by the circuit court on appeal from the award of the full commission have already been stated.

Turning now to the issue for decision on this appeal, which has been stated in the forepart of this opinion, we are guided by the principle that an essential element of the defense of equitable estoppel is material prejudice to the party asserting the defense resulting from the act or neglect of the party against whom it is asserted. *Bailey v. Lyman Printing and Finishing Co.,* 245 S. C. 13, 22, 138 S. E. (2d) 410; West's South Carolina Digest, Estoppel, Key No. 58.

Equitable estoppel is raised on appropriate facts to prevent an injustice to the party invoking the doctrine, not to penalize or to punish the other for an act or omission which has not resulted in harm to his adversary. If claimant made misrepresentations to Butte in his application for employment and to the South Carolina

Employment Security Commission in his application for unemployment benefits, neither Art Metal, Inc. nor its insurance carrier suffered any prejudice therefrom. Absent this essential element of the estoppel doctrine, these defendants may not successfully invoke it as a defense against any benefit sought by claimant under the workmen's compensation act.

While claimant's application for and acceptance of unemployment compensation may be considered by the commission as evidence in deciding whether disability continued, and may be conclusive against the award of total disability benefits for the period of time during which unemployment compensation was drawn, it was error to conclude that such conduct raised an estoppel in bar of any relief to which claimant would otherwise be entitled as an injured employee.

The issue here has been considered by the courts of some ten states. Larson's Workmen's Compensation Law, Sections 57.65, 97.20; Annotation, 96 A. L. R. (2d) 941, *"Application for, or receipt of, unemployment compensation benefits as affecting claim for workmen's compensation."* None of the courts confronted by this problem has raised an estoppel against the nonduplicating collection of lost wages or medical benefits by an employee, who has suffered a compensable injury and has applied for and received unemployment benefits applicable to a portion of the ensuing period of unemployment. Some of them, apparently a minority, have allowed some form of credit or setoff so as to avoid duplicate payments for the same lost wages. None has gone further in this direction than the award of the hearing commissioner in this case, which allowed the employer "credit" for the eighteen weeks during which claimant drew unemployment compensation. The problem of whether duplicating payments should be allowed or denied is one of statutory construction which has not been decided by the lower court and is not properly before us.

The decisions of this court which are cited in the order of the circuit court and by counsel as sustaining the defense of estoppel are clearly distinguishable and are not inconsistent with the principles on which our decision here is founded.

The employer asserts as an additional sustaining ground that the award of unemployment compensation benefits rested upon a finding by the South Carolina Employment Security Commission that claimant was able and available for work, which determination is final and conclusive. Reliance is upon the section of the statute, Section 68-165, Code of 1962, which provides that in proceedings for unemployment benefits "the findings of the Commission as to the facts  *  *  *  shall be conclusive *  *  *"  and upon decisions of this court construing and applying this section. The short answer is that in this proceeding under the workmen's compensation act the authority and duty to find the facts is vested in the South Carolina Industrial Commission and Section 68-165, *supra*, is inapplicable. Furthermore, there is no real inconsistency between the claimant's entitlement to unemployment compensation for loss of wages through the termination of a job which he could and did perform in his partially disabled condition, and his entitlement to some workmen's compensation benefits. The judgment appealed from, if affirmed, would stand as a complete bar to any claim for workmen's compensation, including medical and surgical expense.

Although eight so called additional sustaining grounds are printed in the transcript, the others have either been disposed of by what has been said or, if sustained, would not result in affirmance of the judgment appealed from, and, therefore, raise no issue for consideration by us on this appeal. The transcript also contains seven exceptions to an order of the circuit court settling the case for appeal. These exceptions are not supported by the record because the basis of each appears only in the body of the exception itself, which is insufficient to present an issue for review here. *South Carolina State Highway Department v.*

*Meredith*, 241 S. C. 306, 128 S. E. (2d) 179, and decisions therein cited.

Since the conclusion of the commission that claimant ██ ██ reached maximum improvement on June 3, 1963, with no resulting disability as a result of his injury, was apparently induced by an erroneous view of the law, rather than upon the commission's judgment as to the weight of conflicting evidence, it may not be sustained as a finding of fact. Neither this court nor the circuit court has authority to find the facts on which the rights of the parties depend. Therefore, the case must go back to the commission for such findings by that body, uninfluenced by error of law as to the effect of claimant's application for, and receipt of, unemployment compensation.

Reversed and remanded for further proceedings consistent herewith.

Moss, LEWIS and BUSSEY, JJ., concur.