18494

Louise Foster SAMS, Respondent, v. Sumter B. SAMS, Appellant
(148 S. E. (2d) 154)

*Messrs. Rufus M. Ward* and *Ward, Hammett & Howell,*
of Spartanburg, *for Appellant,*

*James J. Raman, Esq.,* of Spartanburg, *for Respondent,*

April 26, 1966.

BUSSEY, Justice.

This is an appeal from an order of the circuit court striking certain allegations from the answer of the defendant-appellant on the ground that such were irrelevant and immaterial. The plaintiff-respondent seeks to recover damages for personal injuries. Her complaint alleges that she was

traveling in her automobile, driven by defendant, who drove the same off the road, and that her injuries were proximately caused by the gross negligence, heedlessness, and reckless disregard of the defendant in failing to keep a proper lookout, driving at an excessive rate of speed, and failing to keep the automobile under control.

The defendant's answer alleged, *inter alia,* that plaintiff, at her request, was riding as a nonpaying guest in the defendant's automobile; and that the accident was not caused by any intentional act on the part of the defendant or by his heedless disregard of the right of others, following which the defendant referred to and pled *verbatim* the applicable portion of Section 46-801 of the Code, commonly known as the guest statute. The order of the circuit court struck the language which referred to and pled *verbatim* the statutory language, with leave to the defendant, however, to redraft said paragraph so as to plead the guest statute by name or by Code Section.

The third defense in defendant's answer plead contributory gross negligence, heedlessness, willfulness and wantonness on the part of the plaintiff, and in the course thereof referred to the plaintiff as "a full grown person of good judgment and much experience in the operation of an automobile," which quoted language was stricken.

A motion to strike language from a pleading, as irrelevant or immaterial, is generally within the discretion of the judge. *Mikell v. McCreery-Pressley Co.,* 105 S. C. 25, 89 S. E. 467; *J. M. S., Inc. v. Theo,* 241 S. C. 394, 128 S. E. (2d) 697. With respect to the matters hereinabove mentioned, we think there is no merit in the appeal. The defendant will not be prejudiced in the presentation of his defenses. The trial court will, of course, take judicial notice of the guest statute, if applicable to the evidence adduced on the trial, and the defendant will not be prevented from offering any evidence as to the age or experience of the plaintiff, which may be relevant. The order

of the circuit court struck an alleged specification of contributory negligence, *etc.*, on the part of the plaintiff, reading as follows:

"* * * in riding and continuing to ride in said automobile without taking the necessary precaution to strap herself in with a seat belt which was furnished for her convenience."

The motion to strike such language, alleged as a defense, was in the nature of a demurrer, and the question before the judge was whether the language sought to be stricken constituted a defense to the cause of action alleged in the complaint. *Lancaster v. Sweat,* 239 S. C. 120, 121 S. E. (2d) 444.

Simply stated, the question before us is whether the pleading should have been stricken, or, on the other hand, should the defendant be allowed to prove, if he can, that the failure of the plaintiff to use a seat belt, under the facts and circumstances of this case, amounted to a failure to exercise such due care as a person of ordinary reason and prudence would have exercised under the same circumstances, and that such failure constituted a contributing proximate cause of plaintiff's injuries. We think that the pleading should not have been stricken and that the ultimate questions raised by the alleged defense should be decided in the light of all of the facts and circumstances adduced upon the trial, rather than being decided simply on the pleadings.

In the case of *Archambault v. Sprouse,* 215 S. C. 336, 55 S. E. (2d) 70, 12 A. L. R. (2d) 388, this court quoted with approval from 41 Am. Jur., Sec. 354, page 532, the following:

"It is recognized that striking a pleading is a severe remedy and should be resorted to only in cases palpably requiring it for the administration of justice. The remedy will be granted only when the defect is plain, for where there is a semblance of a cause of action or defense set up

in the pleading, its sufficiency cannot be determined on motion to strike out."

While the cited case involved totally different issues, this court reversed an order of the lower court striking certain defenses, and held that the issues presented could best be determined by a trial on the merits, the court being unwilling to find and determine the rights of the parties merely on the pleadings.

In accord with the rationale of that case, we do not think that the rights of the parties should be determined by this court merely on the pleadings. We intimate no opinion as to the answers to the ultimate questions raised by the stricken defense. We hold simply and only that such questions should be decided, and can be decided much more soundly, in the light of all the facts and circumstances adduced upon the trial.

The judgment of the lower court is, accordingly, affirmed in part and reversed in part, in accordance with the views herein expressed.

Reversed in part and remanded.

Moss, Acting C. J., LEWIS and BRAILSFORD, JJ., and LEGGE, Acting Associate Justice, concur.