18495

EMBASSY MEN'S APPAREL, INC., Respondent, v. LYMAN PRINTING AND FINISHING CO., INC., Appellant. VARSITY PAJAMAS, INC., Respondent, v. LYMAN PRINTING AND FINISHING CO., Inc., Appellant.

(148 S. E. (2d) 158)

*Messrs. L. Paul Barnes, of Kerr, Smith & Barnes, Martin and Roberts, (Bernard R. Rapoport on the Brief)* of Spartanburg, *for Appellant,*

*Messrs. Holcombe & Bomar,* of Spartanburg, *for Respondents,*

*Messrs. L. Paul Barnes, of Kerr, Smith & Barnes,* and *Martin & Roberts, (Bernard R. Rapoport)* of Spartanburg, *for Appellant, in Reply,*

April 28, 1966.

LEWIS, Justice.

The defendant has appealed in two cases from an order of the lower court striking portions of its answers and sustaining demurrers to several defenses interposed. Since the issues are the same, it is agreed that one appeal will control both cases.

These are companion claim and delivery actions involving the title and right to possession of a quantity of cloth which was delivered in an unfinished or grey condition, by Cottontex, Inc., of New York to the defendant Lyman Printing and Finishing Company, Inc., for the purpose of processing or finishing at defendant's plant at Lyman, South Carolina. The plaintiff claims the right to possession of the finished cloth as the owner, having allegedly purchased it from Cottontex between March 31, 1961 and April 14, 1961 while it was still in the possession of the defendant for processing.

Upon the service of the complaint, the defendant filed an answer in which it interposed three defenses and two counterclaims, based mainly upon the assertion by it of the right to retain possession of the goods by virtue of liens thereon (1) for finishing charges under Section 45-555 of the 1962 Code of Laws; and (2) for other indebtedness due by Cottontex, Inc., to defendant's parent corporation, M. Lowenstein & Sons, allegedly secured by the terms of

the contract under which the cloth was delivered to defendant for finishing. The lien of the defendant for the amount of the finishing or processing charges is admitted and the portions of the defense and counterclaim relative to the assertion of such lien are not involved in this appeal.

The plaintiff moved to strike portions of the answer and demurred to the several defenses set forth therein. The lower court granted the motion to strike, in so far as it related to certain allegations of the first defense, and sustained the demurrer to the second and third defenses and the remaining counterclaim.

The defendant first charges that the lower court erred in striking the allegations from the first defense which asserted the lien of the defendant over the property in question. This defense alleged that Cottontex, Inc., shipped the unfinished cloth to defendant's plant at Lyman, South Carolina, for the purpose of finishing and that it was received by defendant on March 2, 1961. It was further alleged that, on March 6, 1961, the defendant and Cottontex entered into a written contract for the finishing of the cloth in which it was stipulated, among other provisions, that defendant would recognize Cottontex as the owner of the goods until defendant received written notice of a change of ownership, and that the goods "may be held by us (defendant) pending the payment of all obligations due and coming due to us or our parent company M. Lowenstein & Sons, Inc., or any other affiliated company, from the owner of said goods." It was then alleged that, in May, 1961, prior to any notice of change of ownership of the cloth, Cottontex became indebted to the defendant's parent corporation and to a corporate affiliate; that the same has not been paid; and that defendant is entitled to hold the goods, under the terms of the above contract, for payment of said indebtedness.

The plaintiff moved to strike the foregoing allegations upon the ground that they were irrelevant and redundant, and did not constitute a defense to this

action. Since the motion is in the nature of a demurrer, it admits the properly pleaded factual allegations under attack; and must be determined by the allegations of the pleadings, unaided by outside evidence. *Lancaster v. Sweat*, 239 S. C. 120, 121 S. E. (2d) 444.

The controversy between the parties concerns the priority of their respective claims to the property. The defense in question sets forth the claim of the defendant and is based upon the allegations that the cloth was pledged to it under a written contract to secure any indebtedness due by Cottontex to defendant or its affiliates. The motion admits these allegations.

The plaintiff does not question the fact that possession of the goods by defendant under the contract may create rights as between Cottontex and the defendant. The motion is based upon the sole ground that any lien acquired by defendant under the alleged contract with Cottontex could not operate to defeat plaintiff's right, as purchaser, to possession of the cloth. This position is founded upon the assumption that the facts and circumstances surrounding the alleged purchase by plaintiff were admitted. Instead, the answer denied these allegations, placing in issue the entire factual basis of plaintiff's claim to the property. Admittedly, the facts and circumstances surrounding the alleged purchase by plaintiff have a bearing upon the validity of its claim and the priority between it and that of defendant. Such contested factual issue cannot be determined under the motion to strike.

When only the pleadings are considered, the allegations in question are neither irrelevant nor redundant. They clearly have a substantial relation to the controversy between the parties as to the right to possession of the property involved, and the lower court was in error in striking them as irrelevant.

Reversal of the ruling of the lower court as to the first defense requires reversal also of that portion of the order

which sustains the demurrer to the fourth defense or counter-claim. The counterclaim simply seeks affirmative relief upon the basis of the same facts alleged in the first defense, and is challenged upon basically the same grounds.

It is next charged that the court erred in sustaining the demurrer to the second defense. This defense alleges that, in view of the statutory lien allowed for finishing or processing textile goods (Section 45-555, 1962 Code of Laws) and the possession of the goods by defendant for processing, the plaintiff had "constructive notice" that defendant's lien might have been greater than the mere finishing charges, thereby placing a duty upon plaintiff to inquire of defendant as to the extent of any and all obligations for which the cloth might have been held by it.

It is not alleged that the other obligation due to the defendant's affiliates embraced any charges for which the statute in question gives a lien. Since the other obligation due by Cottontex was not one for which a lien is given under the statute, the statute would not afford notice of its existence. The demurrer to the second defense was therefore properly sustained.

Finally, error is assigned in sustaining the demurrer to the third defense. This defense is in effect a plea that the plaintiff was not a *bona fide* purchaser and acquired the goods subject to defendant's lien. It is alleged that the plaintiff made the purchase from Cottontex with knowledge that the cloth was then in the possession of the defendant and at a time when "plaintiff was aware or should have been aware" that Cottontex was in a highly insecure financial position and a poor credit risk. Such knowledge is alleged to have placed a duty upon plaintiff to inquire of defendant as to the extent of any claim it might have over the cloth then in its possession, and that the failure to make such inquiry deprives the plaintiff of the right to now assert that it had no notice of the alleged possessory lien of defendant.

It is therefore admitted, for the purposes of demurrer, that plaintiff purchased the goods in question with knowledge of the insecure financial condition of Cottontex, the seller, and that the cloth was then in the possession of the defendant.

The lower court was in error in sustaining the demurrer to this defense. Whether or not the circumstances surrounding the transactions between the parties were such as to place the plaintiff upon inquiry as to any claim the defendant might have had against the property in its possession is, under these broad allegations, an issue which must be determined upon the trial of the case.

In reaching the foregoing conclusions we indicate no opinion as to the merits of the defenses in question or the respective claims of the parties. Under the pleadings, material facts necessary to a determination of the legal rights of the parties are in issue, and can be properly determined only upon the trial of the case.

So much of the order of the lower court as sustains the demurrer to the second defense is affirmed, and in all other respects reversed.

Affirmed in part and reversed in part.

Moss, Acting C. J., BUSSEY and BRAILSFORD, JJ., and LEGGE, Acting J., concur.