## CAROL URESKY v. MICHAEL FEDORA ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 115914
AT NEW HAVEN

Memorandum filed August 13, 1968

*Dennis F. Harrigan,* of Milford, for the plaintiffs.

*Falsey, Shay & Del Sole,* of New Haven, for the defendant Bruce Parsons.

FITZGERALD, J. The defendants are two in number, namely, Michael Fedora and Bruce Parsons. In substance, the complaint of the minor plaintiff alleges that on March 3, 1967, she was a passenger in a 1966 Plymouth car owned and operated by the defendant Fedora, which car came into collision,

within the limits of two intersecting highways in Shelton, with a car owned and operated by the defendant Parsons, and that as a result of the collision she was thrown about the interior of the Fedora car and suffered injuries and other consequences for which she seeks damages of both defendants. The allegations of negligence directed against both defendant operators are of the stock variety in cases of this character.

The defendant Parsons, owner and operator of the car which collided with the car in which the minor plaintiff was a passenger, has by amendment to his answer interposed a special defense. It reads: "1. At the time of the accident, the vehicle in which the plaintiff was a passenger, was equipped with seat belts for the use of passengers therein. 2. Any injuries or damages suffered by the plaintiff, Carol Uresky, were proximately caused by her failure to fasten said seat belts around herself." The minor plaintiff has demurred thereto on three grounds, the gist of which is: (1) The allegations of the special defense do not constitute a standard of care to which the plaintiff can be held; (2) a failure to use a seat belt is not an omission to do something which a reasonable person would do; (3) the failure to use a seat belt cannot constitute contributory negligence; (4) the plaintiff's failure to use a seat belt was not a proximate cause of her injuries.

Section 14-100a of the General Statutes is referable to the equipment of new passenger motor vehicles to be sold or registered in Connecticut (with at least two sets of seat safety belts for the front seat of the motor vehicle). The effective date of this statute is January 1, 1964. Public Acts 1963, No. 405. There is no Connecticut statute to date which requires the use of seat belts by a passenger in a car so equipped. Granting that the interposed

special defense does not allege that the plaintiff was seated in the front seat of the Fedora car, which the statute required to be equipped "with at least two sets of seat safety belts," the court, for the purposes of this demurrer, will assume that there was available to the plaintiff the use of a seat belt, whether she was seated in the front or rear seat of the Fedora car.

Reference is made to the annotation contained in 15 A.L.R.3d 1428 and to the many recent decisions of reviewing courts therein noted. Perhaps the most recent decision by a high court of review is the comprehensive opinion of the Supreme Court of North Carolina in *Miller* v. *Miller,* 160 S.E.2d 65 (Mar. 20, 1968). This opinion was released after the foregoing annotation was prepared.

Here in Connecticut it has been said that "[c]ontributory negligence exists where some act of the plaintiff was a proximate cause of the injury." *L'Heureux* v. *Hurley,* 117 Conn. 347, 354. Footnote 2 in *Warner* v. *Liimatainen,* 153 Conn. 163, 165, reads in part: "Contributory negligence . . . is available as a defense whenever any negligence on the part of a plaintiff is a proximate cause of his injuries." "[T]he act or omission of a party injured which amounts to what is called contributory negligence, must be a negligent act or omission, and in the production of the injury it must operate as a proximate cause or one of the proximate causes, and not merely as a condition. . . . [I]f . . . the plaintiff by his act increased the injury merely, then if this were true it would not be such contributory negligence as would defeat the action. To have that effect it must be an act or omission which contributes to the happening of the act or event which caused the injury. An act or omission that merely increases or adds to the extent of the loss or injury

will not have that effect, though of course it may affect the amount of damages recovered in a given case." *Smithwick* v. *Hall & Upson Co.,* 59 Conn. 261, 269, 271.

The decision of the South Carolina Supreme Court in *Sams* v. *Sams,* 247 S.C. 467, is said to be the first reported case which dealt with the question whether the failure of an occupant of an automobile to use available seat belts may be found to be contributory negligence so as to bar his recovery for damages. See the opening paragraph to the annotation in 15 A.L.R.3d 1428. The opinion of the Supreme Court of North Carolina in *Miller* v. *Miller,* supra, was released later in time than those cases cited and discussed in the annotation to which reference has been made.

It is the feeling of this court, a trial court, that the position taken by the South Carolina Supreme Court in *Sams,* supra, in reversing the action of the trial court in striking from an answer a specification of contributory negligence on the part of the plaintiff in riding in a car without strapping herself in with an available seat belt, was correct. Said the South Carolina court in conclusion (p. 471) : "[W]e do not think that the rights of the parties should be determined by this court merely on the pleadings. We intimate no opinion as to the answers to the ultimate questions raised by the stricken defense. We hold simply and only that such questions should be decided, and can be decided much more soundly, in the light of all the facts and circumstances adduced upon the trial."

In a somewhat analogous situation, our Supreme Court, in reversing the action of the trial court in sustaining a plaintiff's demurrers to successive special defenses of a municipal defendant, held that the trial court thereby deprived the defendant of its

defense before the facts were established by the evidence. *Carabetta* v. *Meriden,* 145 Conn. 338, 342. The same view, in effect taken by the South Carolina Supreme Court in *Sams* and by our own Supreme Court in *Carabetta,* is adopted in a consideration of the question presented by the demurrer of the plaintiff to the interposed special defense of the defendant Parsons.

So also it may well be that the facts established at the trial may give rise to the rule stated by our Supreme Court in 1890 in *Smithwick* v. *Hall & Upson Co.,* supra. ˙ If that should be so, the plaintiff's failure to use an available seat belt would not constitute contributory negligence on her part of a proximate nature so as to bar her from recovering damages, although her nonuse of an available seat belt could affect the amount of damages to be recovered by her. To this extent, various phases of the opinion of the Supreme Court of North Carolina in *Miller* merit a close reading and warrant a consideration of the facts to be established later at the trial. Emphasis is made to the rule voiced by our Supreme Court in *Smithwick.* See quotation in *Miller* (160 S.E.2d at p. 74) from 22 Am. Jur. 2d, Damages, § 31, in which it is stated that the doctrine of avoidable consequences is to be distinguished from the doctrine of contributory negligence.

To date our own Supreme Court has not been called upon to consider the kind of question posed in this case by the demurrer of the defendant Parsons. Our trial court, however, has at least on four occasions been called upon to consider the propriety of an interposed special defense similar to that in the case at bar when tested by a demurrer of the plaintiff passenger. See reported memorandum of *Devlin, J.,* in *Husted* v. *Refuse Removal Service,* 26 Conn. Sup. 494 (1967), and, in New Haven County

at New Haven, the unreported memoranda of *Pastore, J.,* in *Cruz* v. *Chiara,* No. 113795 (Jan. 19, 1968), and *Dolbeare* v. *Matthews,* No. 115715 (Jan. 19, 1968), and *Grillo, J.,* in *Rose* v. *Grasso,* No. 112941 (Nov. 7, 1967). In these foregoing cases the trial court in each instance overruled the demurrer of the plaintiff passenger to the interposed special defense.

In view of all of the foregoing, the demurrer of the plaintiff to the interposed special defense of the defendant Parsons is overruled. It is considered that the merits of the interposed special defense can only be properly considered by the introduction of evidence and the evaluation of that evidence from a factual standpoint and in the light of the attending circumstances, and should not be determined on the pleadings.