MR. JUSTICE HARRISON
concurring in part and dissenting in part:
I concur with all issues with the exception of the seat belt issue with which I respectfully dissent. I would return the case to the court for retrial for failure to give the requested instructions on the use of seat belts.
If ever there was a case presented to this Court indicating the necessity of using seat belts, this is the case. The very fact that respondent and her husband, from the very time of purchase, had difficulties with the car and sought the advice of a friend who was a mechanic, indicates that respondent knew the car’s condition and should-have worn seat belts during any drive that she took in the car. Before purchasing the car she and her husband took the car out for a test drive and they noted it had a tendency to pull to the left. When they took the car back, she did not have the same repaired before purchasing it from the dealer.
Immediately thereafter respondent drove the car to Missoula, where she took it to a friend’s garage. He indicated after working *513 on the car that she should take the car back; that it needed lots of work and was “not safe on the road.” Despite that advice, she drove back from Missoula to Great Falls and noticed that the car lost power due to extreme vibration, that it “dieseled”, and that the motor continued to run some time after the ignition had been turned off. When she got home her husband tested the car and noted some difficulty with the steering. In addition, the day she drove the car to Chester to see Dr. Buker, she did so against the advice of her husband who felt that the car should not be on the road and that she should take the other family car.
Under these circumstances, and considering the accident where she drove off the road and was thrown out of the car, there is no question that her failure to “belt up” contributed to the seriousness of her injuries.
There is no dispute that the Datsun had seat belts, and respondent’s testimony was that it was her custom or habit to wear a seat belt when driving. The very condition of the car itself warranted the conclusion that respondent’s injuries would have been minimal had she worn the seat belt and thus remained inside the car.
The Court, obviously, holds as a matter of law that under no circumstances could the defense of the failure to wear a seat belt be considered. In my opinion, that is error.
Recognizing that my view is a minority view, I find it is the better view and should be stated. The support for my view comes initially from Sams v. Sams (1966), 247 S.C. 467, 148 S.E.2d 154, in which the matter was considered. The court there held,:
“Simply stated, the question before us is whether the pleading should have been stricken, or, on the other hand, should the defendant be allowed to prove, if he can, that the failure of the plaintiff to use a seat belt, under the facts and circumstances of this case, amounted to a failure to exercise such due care as a person of ordinary reason and prudence would have exercised under the same circumstances, and that such failure constituted a contributing proximate cause of plaintiff’s injuries. We think that the pleading should not have been stricken and that the ultimate questions *514 raised by the alleged defense should be decided in the light of all of the facts and circumstances adduced upon the trial, rather than being decided simply on the pleadings.” 148 S.E.2d at 155.
The Sams case was followed very shortly by the Wisconsin case of Bentzler v. Braun (1967), 34 Wis.2d 362, 149 N.W.2d 626, in which the court made the following rulings: (1) the failure to use seat belts is not negligence per se under statutes like Montana’s section 61-9-409, MCA, but, “. . . we nevertheless conclude there is a duty, based on the common law standard of ordinary care, to use available seat belts independent of any statutory mandate”; (2) the occupant of a car is charged with knowledge of the additional safety factor produced by the use of a seat belt; and (3) the test is: did the failure to use the seat belts contribute to the injury?
“We therefore conclude that, in those cases where seat belts are available and there is evidence before the jury indicating causal relationship between the injuries sustained and the failure to use seat belts, it is proper and necessary to instruct the jury in that regard. A jury in such case could conclude that an occupant of an automobile is negligent in failing to use the seat belts . . .” 149 N.W.2d at 640.
Here the evidence shows that respondent, from her own experience, had trouble with the car and had been warned, at least by the mechanic Marquart and I think also by her husband, that the vehicle was unsafe. Inasmuch as we are at the threshold of the opinion stage of comparative negligence in Montana, under the circumstances here, I think that because the alleged negligence of appellant had been discovered before the accident a jury question exists on the use of seat belts. I believe first, that where a state has a comparative negligence rule, the matter of the use of seat belts to mitigate an injury is always a proper question, and second, if the plaintiff’s failure to use a seat belt occurred, there is a jury question as to avoidable consequences. See King Son Wong v. Carnation Company (Tex.Civ.App.1974), 509 S.W.2d 385, 386-87.