## 22974

Edwin H. COOPER, James D. Cooper, and Paul C. DeTreville, as Trustees of the Estate of John Hughes Cooper, deceased, Respondents v. The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, as Trustee, and Isadore S. Bernstein, of whom Isadore S. Bernstein is, Appellant. Appeal of Isadore S. BERNSTEIN.

(377 S. E. (2d) 318)

Supreme Court

*Henry Hammer* and *Randall M. Chastain,* Columbia, *for appellant.*

*Heyward E. McDonald,* of *McDonald, McKenzie, Fuller, Rubin and Miller* and *Katharine I. Butler,* Columbia, *for respondents.*

Heard Jan. 11, 1989.

Decided Feb. 21, 1989.

GREGORY, Chief Justice:

This is an action for declaratory judgment to construe the 1942 will of John Hughes Cooper. We affirm.

Cooper died in 1945. He bequeathed his estate in trust to certain beneficiaries for life and the remainder to all of his nieces and nephews excepting two (not relevant to this appeal). Margaret Alderman was one of Cooper's nieces. She assigned half of her interest in the Cooper trust to her attorney, appellant Bernstein, and bequeathed the remaining half to him as remainderman in her will. Margaret died in 1976. The last lifetime beneficiary under the Cooper will died in 1986, terminating the Cooper trust and triggering distribution to Cooper's nieces and nephews. Respondents, trustees of the Cooper trust, brought this action to determine whether appellant has any interest in the Cooper estate.

The trial judge concluded Margaret was partially divested of her interest in the Cooper estate when she died childless before distribution of the estate upon death of the last lifetime beneficiary. He held she retained only a power of appointment which could be exercised only in favor of certain beneficiaries named in the Cooper will. We agree with this construction of the will and hold appellant is entitled to no interest in the Cooper estate.

Disposition of this case rests entirely on the interpretation of Cooper's intent as evidenced by certain unique ex-

planatory language he included in his will. Our guiding principle is to discern the testator's intent from the language of the will as a whole. *Hays v. Adair*, 267 S. C. 291, 227 S. E. (2d) 665 (1976); *Echols v. Graham*, 256 S. C. 202, 182 S. E. (2d) 69 (1971).

The pertinent provisions of Cooper's will are as follows.

1) All of my estate in trust to certain named beneficiaries [his siblings and their spouses] for life, income to be paid monthly.

2) Unless previously terminated by agreement, the trust terminates and my estate shall be divided "equally among all of my nieces and nephews" except William and Nouvelle.

3) Should any niece or nephews die before me, the spouse and/or children of his/her body takes instead, excluding adopted children.

4) "In the event any of (sic) nieces or nephews who are beneficiaries hereunder have no children of their bodies surviving them at the time of their death then that niece or nephew shall have the right and privilege of willing his interest in property received from my estate as follows": [half to another Cooper beneficiary and half to a spouse].

5) "It is not my intention to create any life estates in my nieces or nephews, therefore I declare that there are none created in them by this will. I request that each of them carry out these provisions as to the personal property, which they receive from my estate but I specifically will and direct that the share which each receive in personal property from my estate be given him or her out right and free from life estate provisions, ties, or 'strings' and that it be turned over as soon as the provisions for the payment to brothers, sisters and sisters in law above set forth are met fully and carefully and adequately." (Emphasis added).

Cooper's will clearly expresses his intent that his property be enjoyed by members of his family. This intent is realized by the inclusion of provision four above which creates a special power of appointment if a niece or nephew should die childless before distribution of the trust. In this instance, a niece or nephew retains a

limited power to dispose of the property. Once a niece or nephew survives until distribution, or should he or she die with offspring before distribution, the property passes to that niece or nephew "with no strings attached" as specified in provision five.

By this language, Cooper created in his nieces and nephews a vested remainder interest subject to partial divestment. Margaret was partially divested of her remainder interest when she died childless before distribution, retaining only a special power of appointment. Margaret's attempt to pass her interest to appellant therefore became invalid upon her death without children.

We reject appellant's argument that Cooper's will gives an unqualified vested remainder interest to his nieces and nephews. Such an interpretation would require us to ignore the testator's intent expressed in provision four and clarified in provision five that death without offspring before distribution divests a niece or nephew of a remainder interest.

Appellant further contends the outcome of this action is controlled by a decision in previous litigation between the parties under the doctrine of res judicata.

Respondents, as trustees of Cooper's estate, commenced an action in 1968 to terminate the Cooper trust. Margaret answered asserting her status as a remainder beneficiary. The action was voluntarily dismissed without prejudice to Margaret's right to pursue "her assertion of entitlement to assets of the estate."

Appellant claims respondents are barred from contesting Margaret's status as a vested remainder beneficiary by this previous action in which her status as such was apparently assumed. We disagree. Res judicata does not apply to bar the present action because Margaret was still alive at the time of the 1968 action. The question of her divestment by death without children could not have been litigated at that time. *Cf. McLeod v. Sandy Island Corp.*, 264 S. C. 463, 215 S. E. (2d) 903 (1975) (res judicata precludes issue that could have been litigated).

Appellant also argues the doctrine of laches should apply to bar this action because it is more than forty years since Cooper's death and more than ten years since Margaret's death.

Despite the lapse of time, laches does not apply here. Of course, appellant could have brought an action himself upon Margaret's death in 1976 to determine her interest in the Cooper estate; however, respondents, as trustees, were required to ascertain the remainder beneficiaries only at the time of distribution of the estate. Distribution was not triggered until the death of the last lifetime trust beneficiary in 1986.

Appellant was not materially prejudiced by the timing of respondents' commencement of this action because Margaret's interest did not change between the time of her death and the time of distribution. Nor was her interest collectible before the time of distribution in any event. *See Bailey v. Lyman Printing & Finishing Co.*, 245 S. C. 13, 138 S. E. (2d) 410 (1964) (defendant must show material prejudice to claim laches).

Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.