## LIVINGSTON v. RUFF.

1. PLEADING—REAL PROPERTY.—A COMPLAINT alleging that plaintiff "has lawful title to the following described real estate * * * and that defendants are in possession of said real estate and unlawfully withhold possession of same from plaintiff," is not bad on demurrer as stating conclusions of law and not of 'facts, but states a cause of action for possession of real property, and that damages are only referred to in prayer, does not effect the cause of action stated.

2. REAL PROPERTY—MOTION TO MAKE DEFINITE.—If defendant desires that plaintiff should allege the nature of his title to real property sued for, his remedy is motion to make more definite.

3. *Tutt* v. *R. R.,* 28 S. C., 396; *Tompkins* v. *R. R.,* 33 S. C., 217; *Wallace* v. *R. R.,* 34 S. C., 62, *distinguished from this.*

Before YOUMANS, special Judge, Saluda, May, 1902.   Affirmed.

Action by Mary P. Livingston against Mary E. Ruff *et al.*   From order overruling demurrer to complaint, defendant appeals.

*Mr. G. T. Graham,* for appellant, cites: Code, 163; 28 S. C., 396; 12 S. E., 815; 11 S. E., 692; 72 N. Y., 170; 18 S. C., 469; 18 Barb., 494; 22 N. Y., Ced. Pro. R., 25.

*Messrs. Mower & Bynum* and *Blease & Blease,* contra (oral argument).

February 27, 1903.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This action was brought to recover the possession of real estate.   The appeal is from an order by special Judge, LeRoy F. Youmans, overruling a demurrer to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action. The complaint alleged that plaintiff "has lawful title" to the described premises, and "that the defendants are in possession of the said real estate and unlawfully withholds possession of the same from the plaintiff," followed by a de-

mand for judgment for surrender of the possession and damages for unlawfully withholding the same. It is urged that the complaint states no facts, but mere conclusions of law. Undoubtedly the Code requires a statement of the *facts* constituting a cause of action, but this means the ultimate facts as distinguished from mere probative or evidentiary facts, as it is not required to state those facts which merely evidence the ultimate, basic facts upon which the action depends. It is also well settled that the allegation of a mere conclusion of law raises no issue. In applying these two principles to an action to recover real estate, a difficulty is experienced in accurately defining the dividing line so as to enable one to state the basic, issuable facts without more or less involving a legal conclusion. In 21 Ency. Pl. & Pr., 718, the rule is thus stated: "Allegations respecting title must not be in the shape of legal conclusions, but the facts should be expressly averred, or other facts should be alleged from which the fact of title is necessarily inferred. No certain rule can be formulated for distinguishing averments respecting titles that are regarded as merely averments of legal conclusions from those that are regarded as traversable facts * * * It seems that as a general rule an allegation that a party is the 'owner' of real or personal property, or is 'seized' of realty, is an allegation of an ultimate fact and not of a conclusion of law." Such allegations apparently seem to state a legal conclusion, but the authorities generally hold that they state a traversable fact. In the case of *Wilmington, Columbia & Augusta R. R. Co.* v. *Garner,* 27 S. C., 50, 2 S. E. R., 634, this Court held that a complaint which stated that the plaintiff was seized in fee, and that the defendant unlawfully withheld from plaintiff the possession thereof, was not bad on demurrer, and that such allegations involved an averment of plaintiff's right to possession. A correct principle, we think, is stated in *Clarke* v. *Chicago etc. R. R. Co.,* 28 Minn., 71, cited in note in 12 Ency. Pl. & Pr., 1044, in this language: "It has become a rule of pleading that while it is not allowable to allege a

mere conclusion of law containing no element of fact, yet it is proper not only to plead the ultimate fact inferable from certain other facts, but also to plead anything which, according to the common and ordinary use of language, amounts to a mixed statement of fact and of a legal conclusion."

In view of the foregoing and the rule which requires a liberal construction of a pleading with a view to substantial justice, we think the complaint should not be held fatally insufficient. When it is alleged that plaintiff has title to certain premises, the meaning ordinarily attached to such statement is that plaintiff is the "owner of" the premises, or is "seized of" the same, and we do not see that the former expression involves the statement of a legal conclusion any more than the latter. Whether plaintiff has title, is the ultimate fact to be established by matters of evidence which go to show ownership or title.

If defendant desired a more definite statement as to the nature of the plaintiff's title whether in fee or for life, &c., the proper remedy was a motion to make definite and certain.

Appellant's counsel cites *Tutt* v. *R. R. Co.,* 28 S. C., 396, 5 S. E. R., 831; *Tompkins* v. *R. R.,* 33 S. C., 217, 11 S. E. R., 692; *Wallace* v. *R. R. Co.,* 34 S. C., 62, 12 S. E. R., 815, to show that the allegations that plaintiff "has lawful title" and that defendants "unlawfully withheld possession," &c., are mere conclusions of law. These cases, however, were considered with reference to the statutory rights of the defendants in connection with the lands alleged to have been trespassed upon. Those defendants having the right to enter and construct a railroad, it was necessary that the complaint should state some fact showing that they had overstepped their rights under the statute, and to merely character an act as "wrongful" or "unlawful," would not make it so, since for all that appeared in the complaint the acts complained of were such as the railroads were authorized by law to do. The complaint in this case, however, belongs to the class indicated in *Nance* v. *R. R. Co.,* 35

S. C., 310, 14 S. E. R., 629; and in *R. R. Co.* v. *Garner,* 27 S. C., 50, 2 S. E. R., 634.

With reference to the objection that the complaint did not allege any damages and only referred thereto in the prayer for relief, we need only say that the objection cannot avail to sustain the demurrer, if, as shown, the complaint states a cause of action for the recovery of possession of the land.

All exceptions are overruled. The judgment of the Circuit Court is affirmed.