GUNTER v. SEIVERN & KNOXVILLE R. R. CO.

CAUSE OF ACTION—RAILROADS—CONVERSION.—A COMPLAINT alleging
that plaintiff placed on a railroad certain crossties and lumber to be
inspected and paid for by the railroad; that it was inspected and
used by such road in the construction of its road and a depot; and
that since defendant has purchased the road at judicial sale, and is
now in possession and use of the said crossties and lumber, states
no cause of action against defendant for the purchase price.

Before DANTZLER, J., Lexington, September, 1902. Af-
firmed.

Action by Marshall Gunter against Seivern and Knoxville
Railroad Company. From order dismissing complaint on
demurrer, plaintiff appeals.

*Messrs. E. F. Strother* and *Lyles & McMahan,* for appel-
lant. The latter cite: *As to the rule of title by delivery,
statute:* Code, 1902, 2655; Gen. Stat., 1882, 2022. *The
general law:* 21 Ency., 1 ed., 633, 661, 567, 568, 570, 571;
Ben. on Sales, 3d ed., secs. 358, 391, 444, 459.

*Mr. B. L. Abney,* contra. (Reporter furnished no argu-
ment.)

June 19, 1903. The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE POPE. This action is on an alleged
contract to purchase crossties and lumber. When the com-
plaint was read in open Court, the defendant interposed an
oral demurrer to the same on the ground that the complaint
failed to state facts sufficient to constitute a cause of action.
The presiding Judge, by a short order, sustained the demur-
rer and dismissed the complaint. Thereupon the plaintiff
appealed to this Court. Therefore, the question made by
the appeal is, was the Circuit Judge in error in passing the
aforesaid order? To correctly answer this question, we

deem it necessary to set out the text of the complaint, the grounds of demurrer thereto, the order of the Judge and the exceptions thereto:

"The plaintiff, complaining of the above named defendant, would allege:

"1. That the defendant is a railroad corporation operating a line of railroad from the town of Seivern to the town of Batesburg, in the aforesaid county and State, having purchased the same at a sale as the property of the Greenwood, Anderson and Western Railway under certain proceedings in the United States Circuit Court for the District of South Carolina.

"2. That during the year 1896, the South Carolina Midland Company, a corporation organized under the laws of South Carolina, engaged in the construction of the line of the Greenwood, Anderson and Western Railway from Seivern to the town of Batesburg, in the said State, proposed to purchase from the plaintiff a lot of crossties and lumber, to be used in building the said railway, whereupon the plaintiff entered into a contract with the said South Carolina Midland Company for the delivery of crossties and lumber to the said company on the line of said railroad, whereby it was agreed that the said crossties and lumber being gotten out by certain dimensions, were to be piled along the line of the said railroad so that they might be inspected by the proper officer of the said company; and when received, the crossties were to be paid for at the rate of 20 cents per crosstie, and the lumber at the rate of $8.00 per thousand feet.

"3. That in pursuance of said agreement the plaintiff caused to be piled along the line of the said railroad 686 crossties at 20 cents per crosstie, and 5,980 feet of lumber at $8.00 per thousand feet, all of which said crossties and lumber were inspected by said company, but they did not pay the price thereof as agreed upon with the plaintiff, and the plaintiff never did deliver said crossties or lumber to the said company, but left them there after inspection, to be delivered when they should be paid for.

"4. That thereafter, without the knowledge or consent of the plaintiff, the said South Carolina Midland Company removed the said crossties from the place where they were piled, and put the crossties under the track of the said Greenwood, Anderson and Western Railway, where they now are, and used the lumber in the erection of a depot of said Greenwood, Anderson and Western Railway at Seivern, where it still is.

"5. That the taking of the said crossties and lumber by the said South Carolina Midland Company, without paying therefor, was unlawful, and in violation of the rights of this plaintiff, and passed no title to the said Greenwood, Anderson and Western Railway, or to the defendant company, who is the purchaser thereof.

"6. That the defendant company now refuses to deliver the said crossties and lumber to the plaintiff, or to pay therefor.

"7. That the said crossties are reasonably worth 30 cents each, and said lumber is worth $10.00 per thousand feet, all of which property has been converted to the use of the defendant company unlawfully.

"Wherefore, plaintiff demands judgment against the defendant for $265.80 and costs of this action."

Grounds of demurrer were as follows:

"First. Because it appears upon the face of the complaint that in accordance with the terms of the contract, the crossties and lumber had been delivered to the vendee at the place designated and had been inspected by it and received, and that this made a complete contract of bargain and sale. That upon such inspection and receipt, the title of the property passed to the vendee and the vendor was only entitled to the purchase price. That the vendor could not maintain an action for the specific chattel, but was confined to his action for the purchase price, and hence this action for the value of the specific property could not be maintained; or

"Second. Because it appears upon the face of the complaint that after the delivery of the crossties and lumber upon

the line of railway for the purpose of the construction of the same, they had been inspected and used in such construction, and that thereafter it was alleged that the said railway was sold under the proceedings in the United States Court, at which sale the defendant became the purchaser of the railway on which the crossties and lumber were used, and it does not appear from the face of the complaint that the contract was reduced to writing, in which any alleged reservation of title was made. Nor does it appear from the complaint that any notice of such reservation was given at the sale. Such parole contract, therefore, was in contravention of the statute, and as no notice was alleged as having been given at such sale at which the deefndant purchased, and as plaintiff parted with the possession of the property, it, therefore, appears from the complaint that the defendant obtained a good title, and this action cannot be maintained."

Judge Dantzler's order was as follows:

"Upon hearing argument by the counsel for the respective parties, it is, upon consideration, ordered, that the demurrer be and is hereby sustained, and the complaint dismissed."

Plaintiff's grounds of appeal are:

"1. Because his Honor concluded that it did appear upon the face of the complaint that in accordance with the terms of the contract, the crossties and lumber had been delivered to the vendee at the place designated and had been inspected by it and received, and this made a complete contract of bargain and sale. That upon such inspection and receipt, the title of the property passed to the vendee and the vendor was only entitled to the purchase price. That the vendor could not maintain an action for the specific chattel, but was confined to his action for the purchase price, and hence this action for the value of the specific property could not be maintained.

"2. Because his Honor concluded that it appeared upon the face of the complaint that after the delivery of the crossties and lumber upon the line of railway for the purpose of the construction of the same, they had been inspected and

used in such construction, and that thereafter it was alleged that the said railway was sold under the proceedings in the United States Court, at which sale the defendant became the purchaser of the railway on which the crossties and lumber were used, and it does not appear from the face of the complaint that the contract was reduced to writing, in which any alleged reservation of title was made. Nor does it appear from the complaint that any notice of such reservation was given at the sale. Such parole contract, therefore, was in contravention of the statute, and as no notice was alleged as having been given at such sale, at which the defendant purchased, and as plaintiff parted with the possession of the property, it, therefore, appears from the complaint' that the defendant obtained a good title, and this action cannot be maintained.

"3. Because his Honor should have held, by the allegations of the complaint, that there had been no delivery of the crossties and lumber described in the complaint, and that the taking thereof by the South Carolina Midland Company was unlawful, and should have held that the complaint stated sufficient cause of action in favor of the plaintiff against the defendant company."

We will now consider these exceptions in a group. The great work covered by a demurrer is to test the complaint. When the latter states a cause of action by its allegation, any objection to it by reason of its lack of fulness, &c., is cured not by a demurrer but by a motion to require the plaintiff to make his complaint more definite and certain. So our first aim should be to ascertain if a cause of action is stated in the complaint. Now, it must be remembered that there is no allegation in the complaint of any contractual relation between the plaintiff and the defendant. The only possible connection between the two is the alleged purchase of a railroad by the defendant at a sale made by the United States Circuit Court for the District of South Carolina. It is evident that the plaintiff must connect himself with the railroad which was sold and which was purchased by the

defendant. Certain it is that at said sale, as alleged in the complaint itself, there is the absence of all allegations that at said sale the defendant was notified of plaintiff's alleged claims touching his alleged crossties being in the railroad sold or his lumber used in the construction of a railroad depot. Nor do the allegations of the complaint set forth any constructive notice of the plaintiff's rights to the crossties or lumber used in the construction of the railroad depot or station house; there is an absence in the allegations of the complaint of any written contract providing for a conditional sale of his crossties and lumber or setting up any lien thereon by the plaintiff. The laws of our State provide that any rights of a person making a conditional sale of personal property to another person must, so as to affect third persons, be reduced to writing and recorded as required of mortgages. See section 2655, in volume 1 of the Code of this State, adopted in the year 1902. Here is its language: "Every agreement between the vendor and vendee, bailor or bailee, of personal property, whereby the vendor or bailor shall reserve to himself any interest in the same, shall be null and void as to subsequent creditors or purchasers for valuable consideration without notice, unless the same be reduced to writing and recorded in the manner now provided by law for the recording of mortgages; but nothing herein contained shall apply to livery stable keepers, inn keepers or any other persons letting or hiring property for temporary use, or depositing such property for the purpose of having repairs or work or labor done thereon."

Then, as we have stated, it is necessary in the plaintiff's complaint that there should be allegations showing how his cause of action arose as to the defendant under its purchase of the line of railway here in question, and so he has absolutely failed to do; what could the Circuit Judge do but apply the law in sustaining the demurrer of defendant and dismissing his complaint? We fail to see. We do not quite see that the complaint is liable to the objection by defendant as to the delivery of the crossties and lumber used by

the plaintiff to the South Carolina Midland Construction Company, but this cannot enure to the benefit of the plaintiff, under the views hereinbefore expressed.

It is the judgment of this Court, that the order of the Circuit Court appealed from be and it is hereby affirmed.