18464

Lillian Bennett SALLADIN, as Administratrix of Estate of William Homer Bennett, Respondent, v. Anthony J. TELLIS, individually and d/b/a Tellis Pharmacy, Catina Tellis, Eggert Heinsohn, Heinsohn Electric Service, Butts Electrical Supply Co., Universal Manufacturing Corporation, Lithonia Lighting Company and The South Carolina Electric & Gas Co., of whom Universal Mfg. Corp. is, Appellant.

(146 S. E. (2d) 875)

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. Shimel, Ackerman, Goldberg & Theos* and *Bailey & Buckley,* of Charleston, *for Respondent,*

February 15, 1966.

BRAILSFORD, Justice.

This is an action against a number of defendants to recover for the wrongful death of William Homer Bennett,

plaintiff's intestate, who was electrocuted while engaged as a workman in the repair and renovation of the premises occupied by Tellis Pharmacy in the City of Charleston. The complaint alleges that in the course of the work new wiring and fluorescent lighting fixtures had been installed, and that Bennett was electrocuted when he "came into contact with a highly charged piece of metal." The complaint further alleges that Bennett's death was caused by the joint and concurrent negligence and willfulness of the defendants in specified particulars.

The defendant Universal Manufacturing Corporation, a manufacturer of electrical transformers and devices, demurred to the complaint for insufficiency of facts to state a cause of action against it, and has appealed from an order of the circuit court overruling its demurrer.

The complaint charges this defendant with negligence and willfulness in manufacturing dangerously defective electrical devices or parts and furnishing them to the fabricator of the electrical fixtures installed on this job, the defendant knowing that they would be installed in a building and cause serious bodily harm or death.

The demurrer challenges the sufficiency of the complaint upon the ground that there was no privity between Bennett and this defendant and Bennett was not a vendee of this defendant's allegedly defective product, nor was he using such product at the time of his injury. We assume its sufficiency in other respects.

The celebrated decision in *MacPherson v. Buick Motor Co. (1916)*, 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916F, 696, established the widely followed doctrine that the manufacturer of a product which, when put to its intended use, is imminently dangerous if defective, is liable in tort for negligence in its manufacture. The doctrine was formulated as an additional exception to the then generally recognized rule that ordinarily, in the absence of privity between the parties, there could be no recovery against the

maker of a product for an injury resulting therefrom. For an extensive annotation on the necessity for privity in products liability cases, see 74 A. L. R. (2d) 1111, including an excellent summary of the law and its development in this field, commencing at page 1127.

The injured plaintiff in MacPherson was a remote purchaser of the defective automobile, which had been negligently manufactured by the defendant, and the decision did not go beyond this state of facts. However, the doctrine, with sound reason, has been broadly applied without regard to whether the injured person was a purchaser or user of the delinquent manufacturer's product, if danger to him from its intended use was reasonably foreseeable.

We quote from the annotation, 74 A. L. R. (2d) 1111, 1163:

"The exception of imminently dangerous products from the general rule requiring privity is based upon the broad ground that the manufacturer of an article which, although not inherently dangerous, may become so when put to its intended use, owes a duty to the public to employ reasonable care, skill, and diligence in its manufacture * * *.

"The rule making privity immaterial in imminently dangerous product cases has been called a manifestation of the principles first, that everyone is bound to avoid acts or omissions imminently dangerous to the lives of others, and, second, that an injury which is a natural and probable result of an act of negligence is actionable * * *."

We quote from Prosser on Torts, 3rd Ed., Sec. 96:

"The MacPherson decision did not go beyond liability to the ultimate purchaser himself. Later cases have extended it * * *. The conclusion is clear that the duty extends to any one who may reasonably be expected to be in the vicinity of the chattel's probable use, and to be endangered if it is defective; and that the maker of an automobile is liable to a pedestrian who is struck because it has bad brakes." (Pages 662, 663.)

The grounds of demurrer are opposed by the rule formulated in Restatement of Torts, Sec. 395, and, perhaps, with greater clarity by the same section of Restatement of Torts (2d), which we quote:

"A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing physical harm to those who use it for a purpose for which the manufacturer should expect it to be used and *to those whom he should expect to be endangered by its probable use,* is subject to liability for physical harm caused to them by its lawful use in a manner and for a purpose for which it is supplied. (Emphasis added.)"

This rule appears to be supported by sound reason and the weight of modern authority. It is not opposed by any prior decision of this court and we adopt it. See *Beasley v. Ford Motor Co.,* 237 S. C. 506, 117 S. E. (2d) 863; and *Odom v. Ford Motor Co.,* 230 S. C. 320, 95 S. E. (2d) 601, in which the exception to the requirement of privity, as originally adopted in MacPherson, was recognized, but in which we were not called upon to decide the issue raised on this appeal.

Affirmed.

Moss, Lewis and Bussey, JJ., concur.