## 18608

Melvin E. SPRINGFIELD and Shirley C. Springfield, Respondents, v. WILLIAMS PLUMBING SUPPLY CO., Inc., Row Con Company and Meaders Co., Inc., of which Williams Plumbing Supply Co., Inc., and Row Con Company are, Appellants.

(153 S. E. (2d) 184)

*Messrs. Haynsworth, Perry, Bryant, Marion & John-stone,* of Greenville, *for Appellant, Row Con Company,* and *Messrs. Love, Thornton, Arnold & Thomason,* of Greenville, *for Appellant, Williams Plumbing Supply Co., Inc.,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-ville, *for Respondents,*

*Messrs. Haynsworth, Perry, Bryant, Marion & John-
stone,* of Greenville, *for Appellant, Row Con Company,* and
*Messrs. Love, Thornton, Arnold & Thomason,* of Green-
ville, *for Appellant, Williams Plumbing Supply Co., Inc.,
in Reply,*

February 20, 1967.

BUSSEY, Justice.

In this action the plaintiffs Springfield, who are husband
and wife, seek to recover damages for both personal injuries
and property damage sustained as the result of the explo-
sion of an electric hot water heater installed in their jointly
owned home. It is alleged that said heater was manufactured
by the appellant Row Con Company, hereinafter referred to
simply as Row Con, who sold the same to the appellant
Williams Plumbing Supply Company, hereinafter referred
to simply as Williams, who, in turn, sold it to Meaders Co.,
Inc., hereinafter referred to simply as Meaders. Meaders
sold the heater to the plaintiffs and installed it in their
home.

Named as defendants are Williams, Row Con and Meaders, and the complaint alleges that the defendants, jointly and separately did impliedly warrant that the water heater was free from any defects in design, workmanship and materials and was suitable for the uses and purposes for which it was purchased; that it was equipped with an adequate thermostat to regulate the water temperature and prevent it from being overheated; that it contained safety devices to prevent the water temperature and pressure from exceeding safe limits so as not to create a hazard and endanger the lives and property of the plaintiffs and their family, and that it would not explode. That the heater was defective in design, workmanship and/or materials and unsuitable for the uses and purposes for which it was purchased and that the defendants did, jointly and separately, breach the implied warranty, in that the heater was not equipped with the controls and safety devices, free from defects, which would assure the safe performance thereof, causing the said heater to explode and damage plaintiffs in the amount of $25,000.

Pursuant to Rule 18 of the Circuit Court Rules of Practice, Row Con and Williams each moved, their motions being identical, to dismiss the complaint on the ground that the complaint did not state, as to each of them, facts sufficient to constitute a cause of action, in that there was no privity of contract existing between them and the plaintiffs, and that a cause of action for breach of implied warranty could not be maintained in the absence of such privity. The appeal is from an order of the trial court overruling said motions.

These motions were, in effect, demurrers, and have been treated as such, as will be seen by reference to the cases cited following Circuit Court Rule 18. For the purpose of considering a demurrer, it is elementary that all well pleaded facts in the complaint are admitted as true. Thus, it is admitted that the water heater was, in fact, defective in the particulars alleged and that the damages sustained by the plaintiffs resulted from such defects, and it is

further admitted that the defective heater was manufactured by Row Con and sold by it to Williams who, in turn, sold it to Meaders, who sold the same to plaintiffs and installed it in their home. The contention of appellants that under these admitted facts the instant action may not be maintained against them, in the absence of privity of contract, is predicated on the decision of this court in *Odom v. Ford Motor Co,.* 230 S. C. 320, 95 S. E. (2d) 601, and the general rule there stated and applied to the facts of that case.

The general rule there stated was "that privity of contract is required in an action for breach of implied warranty and that there is no such privity between a manufacturer and one who has purchased the manufactured article from a dealer or is otherwise a remote vendee." The court, however, recognized in applying the rule that there were exceptions thereto, among which was the rule that a manufacturer or seller is liable to a third person in the preparation for sale of an article or product "inherently dangerous" to human safety, such as firearms, explosives, etc.

The facts of the *Odom* case were such that we do not consider the decision necessarily controlling in the instant case. The court was not there concerned with a factual situation where serious, substantial personal injury and property damages were admittedly caused by a defective appliance or product. The court was not confronted with the necessity of deciding whether such facts as are admitted here would be governed by the general rule relied on in that case, or would come within any of the well recognized exceptions to such rule. In the *Odom* case no damage to either person or property was caused by an appliance which was either inherently or imminently dangerous. The plaintig sought in that case to recover only for alleged losses in his farming operations due to the alleged failure of a tractor to properly perform the farm tasks for which it was purchased.

It is clear, we think, that the question of whether the instant action may be maintained against appellants on the

theory of implied warranty, under the facts admitted for the purpose of demurrer, in the absence of privity, is one of novel impression in this jurisdiction. The briefs of counsel and a pursuit of the authorities therein cited show, however, that it is far from a question of novel impression in other jurisdictions, and moreover, that it is a question which has posed many difficulties for many courts. The authorities reflect the travail of many courts in their efforts to do justice and formulate sound rules of products liability law. Some citations which throw light upon the extent and breadth of this travail are 75 A. L. R. (2d) 39; Prosser on Torts, 3d Ed. 658, Chapter 19; Prosser, The Assault upon the Citadel, 69 Yale Law Journal 1099 (1960); and Prosser, The Fall of the Citadel (strict liability to the consumer), 50 Minn. Law Review, 791 (1966).

A review of authorities would indicate that following the decision of *Winterbottom v. Wright,* 10 M. & W. 109, 152 Eng. Rep. 402 (1842), many courts for quite a number of years held privity of contract to be a prerequisite to the ultimate purchaser or consumer being able to recover against a manufacturer or seller of a defective product on any theory. In 1916, Mr. Justice Cardozo in the celebrated case of *MacPherson v. Buick Motor Co.,* 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916F, 696, held that no privity was required when the cause of action was based on negligence. The holding of *MacPherson* has by today been followed by almost, if not, every jurisdiction, including this court in the recent case of *Salladin v. Tellis Pharmacy,* 247 S. C. 267, 146 S. E. (2d) 875.

While courts generally have been much slower to abandon the requirements of privity in actions based on implied warranty, exceptions to the general rule requiring privity have developed through the years and more recently courts in increasing numbers have abandoned the privity requirement altogether in products liability cases. Various theories and reasons for the abandonment have been adopted by the courts, at least some of them adopting the strict liability rule set forth in Restatement of Torts (2d), Sec. 402A.

The appellants apparently concede that the trend of modern authority in products liability cases is definitely away from the requirement of privity of contract as a prerequisite to recovery by the purchaser or consumer. Their disagreement is as to the extent of the trend. In any event, the authorities hereinabove mentioned, as well as others not cited, show that the whole field of products liability law is still in a state of flux and development.

In addition to the developing case law, the legislatures of many states in adopting various drafts of the Uniform Commercial Code have recognized the public need for either the modification, or abrogation, of the rule requiring privity as a prerequisite to recovery in products liability cases. In the various states, courts have held particular provisions of the Uniform Commercial Code to either change, or not to change, the existing case law, depending on the language of the statute adopted in the particular jurisdiction.

The legislature of this state in 1966 adopted its version of the Uniform Commercial Code, Act. No. 1065 of the Acts of 1966, to take effect January 1, 1968. Sec. 2-138 thereof reads as follows:

"A seller's warranty whether express or implied extends to any natural person who may be expected to use, consume or be affected by the goods and whose person or property is damaged by breach of the warranty. A seller may not exclude or limit the operation of this section."

The foregoing, of course, is not yet effective and we do not need or attempt to construe the same. It is cited only to show recognition by the legislature of the need for departure from a strict rule of privity in products liability cases.

While the complaint of the plaintiff alleges an implied warranty and a breach thereof, it must be construed liberally in favor of the pleader, and sustained if the facts alleged, and the inferences reasonably deducible therefrom, entitle plaintiffs to relief on any theory

of the case, even though different from that on which they may have supposed themselves entitled to recover. *Everett v. White,* 245 S. C. 331, 140 S. E. (2d) 582; *Pleasant v. Mathias,* 247 S. C. 124, 145 S. E. (2d) 680.

In the still developing state of products liability law, we are asked by appellants to decide, only on the basis of the pleadings, questions of clearly novel impression in this jurisdiction. While their motions were based on the contention that privity is an absolute prerequisite to liability under an implied warranty, in seeking a dismissal of the complaint, they asked the lower court and are asking us to hold, in effect, that in the absence of privity of contract, or the specific allegation and proof of negligence, the plaintiffs cannot recover against them upon the theory of implied warranty, or any other theory of law. To so hold would involve the decision, on demurrer, of important questions of novel impression, the decision of which could have far reaching effects. Under all of the circumstances and in justice to the parties, as well as future litigants, we think these questions should not be decided on demurrer.

In 71 C. J. S. Pleading § 265, p. 548 it is said, "It has been held that if a demurrer to a pleading raises merely a doubtful question or the case is such that justice may be promoted by trial on the merits, the court should exercise a fair, judicial discretion to that end, although it may be that in technical points the grounds of demurrer are sustainable under strict law."

While we apparently have not had the opportunity to consider the foregoing rule in connection with a demurrer to a complaint, we have applied substantially the same rule to motions to strike defensive pleadings. See *Sams v. Sams,* 247 S. C. 467, 148 S. E. (2d) 154; *Archambault v. Sprouse,* 215 S. C. 336, 55 S. E. (2d) 70, 12 A. L. R. (2d) 388.

If a plaintiff has clearly not alleged facts sufficient to constitute a cause of action, a demurrant is of course, entitled to have his demurrer sustained and be saved

the expense and trouble of a trial. For this reason, the above quoted rule should not, we think, be followed except in cases where there is either real cause for doubt, or it is clear that the ends of justice may well be promoted by a trial on the merits. In the instant case justice, not only to the litigants but the general public, requires that the case be tried on the merits and the evidence fully developed before we are called upon to decide whether the instant case should properly be held an exception to the rule requiring privity of contract in implied warranty cases, or whether plaintiffs are, perchance, entitled to recover under any other theory of applicable law. Of course, the evidence may prove the facts to be otherwise than admitted for the purpose of demurrer.

One of appellants' exceptions imputes error to the lower court "in terming an electric water heater an inherently dangerous product." The precise nature or characteristics of the water heater here involved can best be decided in the light of any evidence thereabout adduced upon a trial. For the reasons hereinabove stated, we decide only that the denial of appellants' motions was correct and that the plaintiffs are entitled to a trial on the merits.

Affirmed.

Moss, C. J., Lewis and Brailsford, JJ., and Lionel K. Legge, Acting J., concur.