18839

Roy R. GOSSETT, Appellant, v. Carl T. BURNETT, Edgar Lewis and the South Carolina National Bank, of whom South Carolina National Bank is Respondent.

(164 S. E. (2d) 578)

Messrs. *Odom, Nolen & Foster* and *James J. Raman,* of Spartanburg, *for Appellant,*

*Messrs. Holcombe, Bomar & Cureton,* of Spartanburg, *for Respondent,*

November 15, 1968.

BUSSEY, Justice.

This is an action to recover actual and punitive damages, both personal and property, arising out of a multiple automobile collision, which, according to plaintiff's complaint, occurred in the following manner. On the morning of Feb-

ruary 4, 1967, the defendant bank negligently, willfully and wantonly set off a false burglar alarm. Defendant Lewis, a police officer in the City of Spartanburg, was dispatched to answer the alarm, and at the intersection of Dean and East Main Streets collided with a vehicle driven by one Burnett, causing the Lewis vehicle to collide with a vehicle driven by one McAllister, knocking the McAllister vehicle into a stationary vehicle owned and occupied by the plaintiff.

The complaint alleged that Lewis was negligent, willful and wanton in driving at a dangerous rate of speed; failing to keep a proper lookout; running a red light; failing to use his brakes properly; and failing to give sufficient warning of his intention to cross against a red light. The bank demurred to the complaint on the ground that its act in setting off the false alarm was not the proximate cause of the plaintiff's damage, and that such was caused solely by the intervening and superseding acts of the defendants, Lewis and Burnett, or one of them, which the bank *could not reasonably have foreseen or anticipated*. Such demurrer was sustained by the lower court and the plaintiff appeals.

The order of the lower court sustaining the demurrer is based primarily on the proposition that the alleged conduct of Lewis, the police officer, was not such that could have been reasonably foreseen or anticipated by the bank, and, hence, that the bank's conduct could not be the proximate cause of plaintiff's injuries. The order of the lower court characterized the alleged conduct of Lewis as "conscious, deliberate and unlawful acts * * *." The complaint does charge that Lewis was negligent, willful and wanton, but does not charge him with any deliberate or intentional wrongful act. To what extent such misconstruction of the complaint affected the decision of the lower court does not readily appear. Much, but not all, of the argument of counsel on appeal is devoted to the question of whether or not the conduct of Lewis was reasonably foreseeable by the bank.

Counsel for both parties cite numerous cases dealing generally with the law of proximate cause; superseding cause;

the reasonable foreseeability of intervening acts as affecting whether the conduct of the original wrongdoer was a proximate cause, etc., none of which are clearly determinative of the real issue involved in the case. No case has been cited or come to our attention through independent research, from this or any other jurisdiction, which is factually or legally in point with the instant case. We are thus faced with an important case of completely novel impression. There are, of course, guiding principles of law which are helpful in the solution.

The ultimate question raised by the pleadings and which will have to be decided, now or later, is, to what extent, if any, and under what circumstances may a party, who wrongfully sets off a false emergency alarm, be held liable for injury or damage caused to a third person by acts of one responding to the false alarm. We do not think that this most important question should have been decided by the lower court, or should be decided by this court, only on the pleadings, and on the relatively narrow issue of whether the conduct of the party responding to the emergency, as alleged and characterized in the complaint, was reasonably foreseeable by the party wrongfully setting off the false alarm. Precisely what the conduct of the responding party was and whether such conduct should have been reasonably foreseen by the bank are questions that we think can only be properly decided in the light of the evidence adduced upon the trial.

On the issue of foreseeability, we point out that the bank was charged with the knowledge of Code Sections 46-291 *et seq.,* governing the operation of authorized emergency vehicles. We are not presently concerned with the precise construction or application of any of these statutes, it being sufficient to say that such statutes recognize the need for haste by the operator of an emergency vehicle and permit him to disregard certain traffic laws, but, at the same time, spell out the duties of the operator when he does proceed in disregard of the specific traffic regulations. Compliance with

these several statutory provisions calls for the exercise of considerable judgment by the operator of an emergency vehicle in the interest of haste on the one hand and public safety on the other.

In the fairly recent case of *Springfield v. Williams Plumbing Supply Co.*, 249 S. C. 130, 153 S. E. (2d) 184 we quoted and applied the following rule from 71 C. J. S. 548 Pleading § 265,

"It has been held that if a demurrer to a pleading raises merely a doubtful question or the case is such that justice may be promoted by trial on the merits, the court should exercise a fair, judicial discretion to that end, although it may be that in technical points the grounds of demurrer are sustainable under strict law."

. The foregoing rule is one which we think should be applied in this important case of completely novel impression. Here, as in the Springfield case, justice, not only to the litigants, but the general public, requires that the case be tried on the merits and the evidence fully developed before we are called upon to decide the extent to which, if any, and under what circumstances, one should be held liable for wrongfully turning in a false alarm and setting in motion an emergency vehicle which causes damage to an innocent member of the traveling public.

It appears to us that the opinion of Justice Littlejohn undertakes, on demurrer, to formulate a novel principle of law, which was not raised or considered below, which has not been urged here, and which may never be applicable in the course of this litigation or, indeed, during the tenure of the court as now constituted. Whatever merit the rule may have, its formulation now would be without warrant in law; at least, it would be manifestly premature.

For the reasons hereinabove set forth, we decide only that the demurrer should not have been sustained and that the plaintiff is entitled to a trial on the merits.

Reversed.

LEWIS and BRAILSFORD, JJ., concur.

MOSS, C. J., and LITTLEJOHN, J., concur in result.

LITTLEJOHN, Justice (concurring in result) :

I concur in the result reached in the opinion of Mr. Justice Bussey. A mere reversal, however, without elaboration upon the law and the reasons for the reversal leaves the trial judge with no standard to go by in trying the case and in charging the jury. Inasmuch as no factually similar cases have been cited to the court, and since we have found none, it is appropriate that this court, which is charged with the duty of declaring the law, establish guidance for that court which must try the case, by stating somewhat in detail why the demurrer should have been overruled.

This case requires a determination of the factual circumstance which will create liability when a person turns in a false alarm and thereby sets an emergency vehicle into operation on the public streets, resulting in injury to a plaintiff. This determination will be an extension of the existing common law since no statute is controlling. The determination requires a new policy decision.

Whereas this court has not heretofore established on the civil side of the court the duty which a defendant giving a false emergency alarm owes to a plaintiff injured by an emergency vehicle, the legislature has declared the policy on the criminal side of the court by making it a misdemeanor for one to "wilfully, maliciously or mischievously * * * give a false alarm." (Section 16-560 of the Code). This statute, which applies to both fire and police alarms, does not make criminal one who is merely negligent in giving such alarm.

It should be the policy of the law to encourage the reasonable and proper use of alarm devices. The proper use of the alarm is often for the benefit of other people. Simultaneously it should be the policy of the law to discourage and prevent, where possible, the intentional giving of false

alarms. The improper use of the alarm not only creates additional hazards on the streets, but makes emergency vehicles temporarily unavailable to persons in real need of them.

A mother who summons an ambulance for a child mistakenly thought to be sick, or a citizen who summons a fire truck because he erroneously thinks his neighbor's house on fire or a bank employee who in honest error believes the bank is about to be robbed, should not be held liable if there is nothing more than simple negligence, even though it may be said that a prudent person using due care under each of these circumstances would not have given an alarm. No legal duty is imposed upon a person to summon emergency vehicles for a sick friend, or a neighbor whose house is afire, or a robbery victim. Fear of being sued for simple negligence will deter a volunteer in derogation of the public interest. I would declare, therefore, that mere negligence is not sufficient as a basis for recovery in false alarm cases. This is analogous to the immunity afforded merely negligent drivers in guest passenger cases. (Section 46-801).

The legislature has frowned by criminal statute upon one who wilfully, maliciously or mischievously gives a false alarm, and I would not hesitate to rule that one who wilfully (as alleged in the complaint) gives a false alarm be held liable for the consequence of his misconduct. The term *wilful* implies at least some degree of wrongful intention; it is the person who gives an alarm knowing it to be false whom I would hold liable. Such would include the Halloween prankster and those giving false alarms during riots.

It can be logically argued, as held by the trial court below, that one who gives a false alarm should not be expected to foresee that his acts would likely bring some injury to some person. It can also be logically argued that one should refrain from giving a true alarm if he can foresee that some person may likely be injured. The foreseeability of danger to the public is the same whether an emergency vehicle is answering a true or a false alarm. In each instance the ve-

hicle may proceed in haste as permitted by Code Section 46-291. Foreseeability is one of the criteria most often used by this and other courts in reaching the policy decision required by a determination of proximate cause in a given case. The fact that it is a much used criteria does not make it indispensable, however, and the foreseeability issue common to most tort actions should not be controlling here. There has long been a tendency in the law to remove the foreseeability limitation and to impose more extensive liability in intentional tort cases. See, *e. g.* Prosser, Torts, § 50 at 302 (1964). One who wilfully and intentionally gives a false alarm, well knowing that such will set in motion an emergency vehicle authorized by law to proceed in unusual haste, has, through his own misconduct, set the stage and should be held strictly accountable for injuries proximately caused by his action. It is better that a loss fall upon an intentional wrongdoer than upon an innocent victim.

When a complaint contains allegations which entitle a plaintiff to any relief on any theory stated therein, it becomes the duty of the trial judge to overrule a demurrer. A reversal without specifying the theory upon which plaintiff is entitled to remain in court would leave the trial judge without guidance in disposing of the case. It is the work of the trial court to try the issues; it is the work of this court to declare the law where no rules of law have heretofore been established. Inasmuch as wilfullness was alleged against the bank employee, the demurrer should have been overruled.

Moss, C. J., concurs.