## 19003

A. B. FLOWERS, Samuel Walter Flowers, Sr., and Nancy Flowers Schuyler, Appellants, v. OAKDALE REALTY AND WATER CORPORATION et al., Respondents.

(171 S. E. (2d) 863)

*John P. Gardner, Esq.,* of Darlington, *for Appellants,*

*Messrs. Wright, Scott, Blackwell & Powers and Willcox, Hardee, Houck, Palmer & O'Farrell* and *Dusenbury & Dusenbury,* of Florence, *for Respondents,*

*John P. Gardner, Esq.,* of Darlington, *for Appellants,*

January 12, 1970.

LITTLEJOHN, Justice:

This action was brought to recover approximately 162 acres of land and for damages for deprivation of use. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, contending that the complaint itself established that the plaintiffs have been divested of their interest in the land, and that no facts are alleged which would establish an interest in the plaintiffs. The trial judge sustained the demurrers of the defendants, and the plaintiffs have appealed.

The complaint, which must be deemed true for the purpose of the demurrers, alleges in essence:

That S. W. Gee died testate in 1925, and devised the subject property to the plaintiffs' father, A. B. Flowers, to hold in trust for the use of the plaintiffs' mother, Mrs. Theo Young Flowers, for life. At her death it was to be vested in her children, the present plaintiffs, in fee simple.

That in January 1929 A. B. Flowers and his wife, Theo Young Flowers sought from the court of common pleas, and obtained, an order directing them to join with H. A. Brunson as Master in Equity, and convey by mortgage the interests of their minor children in the lands here involved.

That the mortgage conveyance was directed by the court and executed by A. B. Flowers individually and as trustee,

and Theo Young Flowers, and H. A. Brunson as master, on behalf of the three minors, to secure an indebtedness of $2500.00 evidenced by a note.

That the mortgagors failed to pay the $2500.00 debt and forclosure resulted. Theo Young Flowers, who was among the debtors and defaulters, bought in the land at the foreclosure sale and deed dated October 10, 1930 was executed in her favor by J. M. Lynch as special referee. The sale and conveyance was never confirmed by the court. That all of the defendants claim title through deed of Theo Young Flowers. She died intestate June 1, 1958, leaving plaintiffs as her only children.

That Theo Young Flowers by reason of the action and foreclosure proceedings and purchase at the sale, did not acquire any "interest in said real estate superior to her former life estate" and "that under the laws of this State, upon the death of the said Theo Young Flowers, fee simple title to the land described herein vested in and now vests in the plaintiffs herein, and the defendants who claim an interest in and to said real estate are occupying and have occupied said property illegally and wrongfully, depriving the plaintiffs of their lawful and rightful use and ownership of said property."

The prayer for relief asks the court to adjudge that the plaintiffs are owners in fee simple and to grant judgment for actual damages.

Though the will of S. W. Gee is referred to in the complaint and referred to in the foreclosure judgment roll (incorporated by reference), it is not a part of the record before this court. The minor children whose interests were involved in the 1929 action are the plaintiffs herein and are, of course, now *sui juris*.

The statement above fairly sets forth the essence of the complaint. This court has before it only the complaint and judgment roll No. 8025.

The judgment roll shows that A. B. Flowers was the plaintiff and Theo Young Flowers and the minor children were defendants. Theo Young Flowers answered, joining in the prayer for relief. The guardian *ad litem* for the three minor children merely submitted their rights to the protection of the court.

The case was heard by the Master in Equity. His report recommended that the court grant the request of the father and mother, A. B. Flowers and Theo Young Flowers, to mortgage the childrens' interest, because "it seemed the only thing to do," and was adopted by the trial judge. Neither the parents, nor the guardian *ad litem* whose duty it was to protect the interests of the children, asked the court to construe the will or to determine what interests were owned. Apparently the court undertook to authorize the mortgaging of whatever interests the children had without determining the extent of that interest. The trial judge held "Under the Will, as stated in the complaint, Theo Young Flowers was the *cestui que* trust and not a life tenant." Inasmuch as the entire will is not before us we intimate no view on the correctness of this ruling.

We hold that it cannot be said as a matter of law from the facts set out in the complaint and the judgment roll incorporated by reference that the title procured by Theo Young Flowers at the foreclosure sale excluded all interests of the minor remaindermen in the property. If it is difficult to determine the theory of plaintiffs' case as held by the trial judge, defendants should move to make more definite and certain and/or pursue the matters by discovery proceedings so as to clarify the issues. At the time of the foreclosure these plaintiffs were minors. Such rights as they have, if any, did not arise until the death of Theo Young Flowers in 1958. We cannot say from the pleadings as drawn that there is no justiciable issue for trial in the usual fashion.

In an action to recover the possession of land it is settled that an allegation by the plaintiff that he owns the land in fee, coupled with an allegation that the

defendants are unlawfully withholding possession from him, as were alleged in the present case, are sufficient. *Senterfiet v. Shealy,* 66 S. C. 384, 44 S. E. 958 (1903); *Livingston v. Ruff,* 65 S. C. 284, 43 S. E. 678 (1903); *Wilmington C. & A. R. Co. v. Garner,* 27 S. C. 50, 2 S. E. 634 (1887). The plaintiffs, however, went well beyond this and set out extensive facts relative to their claim of title.

It must be noted also that certain aspects of the case as set out by the plaintiffs seem to be of novel impression in South Carolina. This court has not heretofore determined what interest a mortgagor in the position of Mrs. Flowers acquires at a foreclosure sale after defaulting. It was improper to sustain the demurrers of the defendants so as to disallow the production of evidence in the matter and to thwart an arguing of the points of law relative to the novel question. *Springfield v. Williams Plumbing Supply Co.,* 249 S. C. 130, 153 S. E. (2d) 184 (1967).

Since the complaint and judgment roll incorporated by reference were insufficient to show as a matter of law that the plaintiffs have no interests in the land involved, it was error to sustain the demurrers. Defendants should have twenty (20) days from notice of the filing of remittitur in which to answer.

Reversed.

Moss, C. J., and LEWIS and BRAILSFORD, JJ., concur.

BUSSEY, J., concurs in result.