19124

SEABOARD COAST LINE RAILROAD COMPANY, Appellant, v.
James M. WARD, Respondent

(177 S. E. (2d) 479)

*Messrs. deLoach, deLoach & Hagins,* of Camden, *for Appellant,*

*J. Claytor Arants, Esq.,* of Camden, *for Respondent,*

*Messrs. deLoach, deLoach & Hagins,* of Camden, *for Appellant,* in Reply.

November 6, 1970.

BUSSEY, Justice.

In this action the plaintiff Railroad seeks to enjoin the use of a portion of its right of way by the defendant, whose answer to the complaint set forth various defenses and a counterclaim. The right of way involved is in the community of Lugoff, County of Kershaw, and the defendant is the owner of certain farmland adjacent to the railroad. The complaint of the Railroad alleged certain trespasses by the defendant upon its right of way. The answer and counter-

claim of the defendant, in substance, denied any unlawful trespass, asserted certain rights on the part of the defendant and the general public in and to a road over the right of way, and sought to recover damages from the Railroad for its alleged interference with the rights of the defendant in the matter. The Railroad demurred to defendant's answer and counterclaim for alleged insufficiency of facts to constitute a defense, and the appeal is from an order overruling such demurrer.

The owner or alleged owner of the fee to the land underlying the railroad right of way is not set forth in any of the pleadings. The rights of the parties, as well as the alleged rights of the general public, may well hinge upon this undisclosed fact. For that reason, we deem it inappropriate to enter into a discussion of the authorities cited by the respective parties, or their applicability to what the respective parties contend their rights to be.

Neither shall we attempt to specifically pass upon whether or not the defendant has sufficiently alleged each of the defenses which he has attempted to allege. It is sufficient to say that we are satisfied that the lower court reached the correct result in overruling plaintiff's demurrer. It is elementary that pleadings, for the purpose of demurrer, have to be liberally construed in favor of the pleader and a demurrer cannot be sustained if facts sufficient to constitute a cause of action, or a defense, can be fairly gathered from the pleading, however uncertain, defective or imperfect the allegations may be. *Coral Gables v. Palmetto Brick Co.,* 183 S. C. 478, 191 S. E. 337.

At most, the demurrer here and the authorities relied on in support thereof simply create a doubt as to whether the defendant has sufficiently alleged facts constituting one or more defenses. It is clear to us that the ends of justice will likely be promoted by a trial on the merits. Under these circumstances the demurrer was properly overruled. *Springfield v. Williams Plumbing Supply Co.,* 249 S. C. 130, 153 S. E.

(2d) 184; *Sams v. Sams,* 247 S. C. 467, 148 S. E. (2d) 154; *Archambault v. Sprouse,* 215 S. C. 336, 55 S. E. (2d) 70, 12 A. L. R. (2d) 388; *Gossett v. Burnett,* 251 S. C. 548, 164 S. E. (2d) 578.

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.