19648

Willie Bell TWITTY, Respondent, v. KEY LIFE INSURANCE
COMPANY, Appellant

(197 S. E. (2d) 656)

*Messrs. Şeigler, Seigler & Earle,* of Columbia, *for Appellant,*

*Messrs. James H. Howey,* of Lancaster, and *Hammer and Bernstein,* of Columbia, *for Respondent,*

June 27, 1973.

BRAILSFORD, Justice:

This is an appeal by the defendant insurer from an order awarding summary judgment to the beneficiary of an accident policy insuring against loss "resulting directly and independently of all other causes from accidental bodily injuries sustained solely through external, violent, and accidental means." The insured died of a cerebral hemorrhage after witnessing a head-on collision in which his son was involved and seeing the son hemorrhaging from his mouth, nose and ears. The insured, apparently well before this incident became ill immediately afterward and, complaining of severe head pain, lapsed into a coma. The collision occurred about 5:00 P. M., and the insured died some three hours later.

Both parties moved for summary judgment. Plaintiff's motion was based upon two affidavits: one by the insured's companion, who described the sequence of events preceding the death, and the other from insured's family doctor, who was called to attend him. The doctor deposed that the cause of insured's death was a cerebral hemorrhage, and expressed the opinion, based upon the history given him, that the most probable cause of the hemorrhage was excitement resulting from his witnessing the calamity which befell his son. The doctor further deposed that the insured had never been ill before and, except for mild hypertension, had been in good health.

In support of its motion, the defendant presented the affidavit of a physician who, assuming the facts stated in the

plaintiff's affidavits to be true, expressed the opinion that "such excitement . . . (was) of internal rather than external means or sources. Excitement in a person cannot be produced without mental and emotional action or reaction on the part of the beholder and is not of an external nature."

■ We hold that summary judgment was improvidently granted in this case. While there may be no dispute as to the evidentiary facts, *i.e.,* the sequence of events preceding death from cerebral hemorrhage, sharp dispute as to the inferences to be drawn therefrom entitled the defendant to a trial. *Thevenot v. Commercial Travelers Mut. Acc. Ass'n of America,* 259 S. C. 235, 191 S. E. (2d) 251 (1972). Certainly summary judgment should not be awarded against defendant on the physician's opinion as to the probable cause of insured's death without opportunity for the defendant to cross-examine him as to the basis of his opinion and as to other possible causes.

Defendant's counsel also contends that its motion for summary judgment should have been granted because mental distress or excitement, which plaintiff's physician assigns as the cause of the hemorrhage is internal rather than external, hence, not a covered means of injury. We disagree. For the purpose of disposing of defendant's exceptions to the refusal of its motion only, we assume satisfactory proof of causation.

Our decisions have long recognized *in tort* cases that compensable bodily injury may result from emotional disturbance without any physical impact upon the body of the injured person. *Mack v. Railroad Co.,* 52 S. C. 323, 29 S .E. 905 (1898); *Padgett v. Colonial Wholesale Distributing Co.,* 232 S. C. 593, 103 S. E. (2d) 265 (1958). In such cases the shock or fright may be internal, but the legal cause of the injury is the external force which produces the mental agitation.

The policy in question contains a number of exclusionary clauses, but none designed to relieve the insurer from liability for psychically induced bodily injury or death, although

such injuries have been recognized in the accident insurance field since before the turn of the century. *McGlinchy v. Fidelity & C. Co.*, 80 Me. 251, 14 A. 13 (1888); Annot. 93 A. L. R. (2d) 578 (1964). Absent such an exclusion, which the insurer had the choice of inserting, the plaintiff is entitled to a liberal construction of the insuring agreement.

■ Subject to the assumption already made, we have no difficulty in concluding that the cerebral hemorrhage was an accidental bodily injury. The collision and injuries to insured's son were external, violent and accidental. If, as claimed, the "stress-producing *psychic stimuli*"[1] received therefrom by insured caused the fatal hemorrhage, his death was by those means and was a covered loss.

The comparatively few decisions on injury resulting from shock, fright or other "psychic trauma" as covered by accident insurance are annotated in 93 A. L. R. (2d) 578 (1964). They are about evenly divided. Many turn on different policy language, and review of them would not be helpful. However, we find persuasive the forceful and colorful decision by the Supreme Court of Maine which is cited above. In that case the insured, under policy language similar to that *sub judice*, died of a hemorrhage soon after bringing under control a runaway carriage horse, which had greatly endangered him and his two small sons. The court was of the view that the rupture of the blood vessel was "caused by the extraordinary physical and mental exertion which the deceased put forth to save his children and himself from injury. The physical strain and mental shock was '[sic] more than he could bear. In this calculation of the facts, we have come easily to the conclusion that, as between these parties, physical and external causes affected the death." 14 A. at 14. Further, the court met the factual claim of defendant's counsel as follows:

"They contend that death was produced purely by fright and not by the aid of any physical means whatever, and that

---

[1] Annot., 93 A. L. R. (2d) 578, at 581.

the means through which death was produced must be considered as *internal* only. But if it is to be admitted that death was caused through fright, even then we are just as strongly convinced that it was also caused by *external* means . . . If the death be laid to fright, it must be because fright produced bodily injury, and the *means* which produced fright were *external*. It is impossible to impute the death to fright without an explanation of the circumstances or situation which produced the fright. Suppose any person inquires of another what caused the death of a friend, and the answer be that he died from fright, would the question be more than half answered? Would not the inquirer immediately and instinctively ask the cause of the fright? In most conditions, and in almost every sense, fear is an effect of something merely. There must be some active cause behind it. In the present case it was no more than an agency through which the accident acted. It was a dependent, and not independent, factor in the series of operating forces . . . The efficient true cause, dominating all other causes in the combination, was the misbehavior of the running horse. Subsequent occurrences were merely the instrumentalities through which the real cause spent its force. The act of the horse was the beginning; death was the end." (Emphasis added.) 14 A. at 14-15.

The analogy to the case at hand is apparent.

Reversed.

Moss, C. J. and Lewis and Bussey, JJ., concur.

Littlejohn, J., concurs and dissents.

Littlejohn, Justice (concurring and dissenting):

I concur in the opinion of Mr. Justice Brailsford, but only to the extent that the majority opinion holds that neither the plaintiff nor the defendant was entitled to a summary judgment.

Rule 44 of the Circuit Courts of South Carolina provides that summary judgment shall be rendered forthwith if it be shown "that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law".

The policy provision which brings on the controversy involved in this case reads as follows:

"This policy pays benefits for losses resulting directly and independently of all other causes from accidental bodily injuries sustained solely through external, violent and accidental means and while this policy is in force, hereinafter referred to as 'such injuries'."

The complaint alleges that the insured, "[W]hile driving an automobile which was following an automobile operated by his son, observed a collision in which his son's automobile was involved, and solely by reason of the aforesaid external, violent and accidental collision, the said Edward W. Twitty sustained bodily injuries of a cerebral hemorrhage, which directly and independently of all other causes, resulted in his death."

The answer denies that death resulted "directly and independently of all other causes from accidental bodily injuries sustained solely through external, violent and accidental means while the policy is in force."

The admissions and affidavits, submitted in support of the applications of the two parties for summary judgment, add nothing of true substance on the crucial issue involved in this case.

There is clearly a genuine issue of fact for determination by a jury, and in my view this Court should deny the appeals because granting of a summary judgment for either party would be improper under the rule.

I dissent from that part of the majority opinion which assumes "satisfactory proof of causation" and proceeds to render what I would term an advisory opinion on the application of the policy if the plaintiff can prove that the death was caused as alleged. The point of law is a novel one in this State. The majority opinion concedes that the authorities

580

"are about evenly divided". Under similar circumstances involving demurrers we have refused to develop new and difficult concepts of the law without a full factual development of the case. See *Springfield v. Williams Plumb. Supply Co.*, 249 S. C. 130, 153 S. E. (2d) 184 (1967); *Gossett v. Burnett,* 251 S. C. 548, 164 S. E. (2d) 578 (1968); *Flowers v. Oakdale Realty & Water Corp.*, 253 S. C. 522, 171 S. E. (2d) 863 (1970); *Gantt v. Universal C. I. T. Credit Corp.*, 254 S. C. 112, 173 S. E. (2d) 658 (1970); *State v. Life Ins. Co. of Ga.*, 254 S. C. 286, 175 S. E. (2d) 203 (1970).