0181

Mildred D. KERBY, Administratrix of the Estate of George R. Dooley, Respondent, v. ASSOCIATED PETROLEUM CARRIERS, INC., Royster Transport Company, Inc., Robert Lee Wray, South Carolina Department of Highways and Public Transportation, South Carolina Electric & Gas Company, and Martschink Beer Distributors, Inc., Defendants, of whom Martschink Beer Distributors, Inc., is, Appellant. Appeal of MART-SCHINK BEER DISTRIBUTORS, INC.

(316 S. E. (2d) 428)

Court of Appeals

*Keating L. Simons, III,* of *Holmes, Thomason, Logan & Cantrell,* Charleston, *for appellant.*

*John E. Parker,* of *Peters, Murdaugh, Parker, Eltzroth & Detrick,* Hampton, *for respondent.*

Heard March 22, 1984.

Decided May 25, 1984.

GARDNER, Judge:

Respondent Mildred Kerby (Kerby) brought this wrongful death action as administratrix of the estate of George R. Dooley (Dooley) against Associated Petroleum Carriers, Inc., Royster Transport Company, Inc., Robert Lee Wray, South Carolina Department of Highways and Public Transportation, South Carolina Electric and Gas Co., and the appellant Martschink Beer Distributors, Inc. (Martschink). Martschink demurred to the complaint and the trial judge overruled the demurrer. We affirm.

Pertinent parts of the complaint allege that (1) Dooley, a passenger, was killed in an intersection wreck, (2) the driver

of Dooley's vehicle (driver) stopped for a stop sign before entering the intersection, (3) Martschink's truck was parked at the edge of the highway obstructing the driver's view and (4) as a specification of negligence, Kerby alleged Martschink parked its vehicle in such a manner as to obstruct the view of the driver of the automobile in which Dooley was a passenger.

Martschink raises this one question on appeal:

> In an intersection collision case, is a cause of action in negligence made out against one not a party to the collision, where the only alleged fact is his parking a vehicle, otherwise lawfully parked, in a place which obstructs the vision of one of the parties to the collision?

We first observe that a demurrer should be sustained only if the complaint, viewed in a light most favorable to the plaintiff, fails to allege sufficient facts to state a cause of action. *Carolina Bank and Trust Co. v. St. Paul Fire and Marine Co.*, 310 S. E. (2d) 163 (S. C. App. 1983). With this in mind, we hold that this case cannot be disposed of on demurrer for two reasons:

> First, it does not appear from the face of the complaint that Martschink's truck was "lawfully parked." The complaint does not say exactly where the truck was parked and only alleges that it "was parked at the edge of the highway obstructing the driver's vision."
>
> Second, even if we were to assume Martschink's truck was "lawfully parked," then the question presented is novel in South Carolina and should not be decided on demurrer. The case should be tried upon its merits and the evidence fully developed. *Flowers v. Oakdale Realty and Water Corporation*, 253 S. C. 522, 171 S. E. (2d) 863 (1970).

Accordingly, the order of the trial judge is affirmed.

Affirmed.

SANDERS, C. J., and CURETON, J., concur.